505 A.2d 317

**COMMONWEALTH of Pennsylvania,**

v.

**Joseph GIUGLIANO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 21, 1985.

Filed Feb. 25, 1986.

Isadore E. Krasno, Pottsville, for appellant.

Richard C. Lengler, Harrisburg, for Commonwealth, appellee.

Before CAVANAUGH, CERCONE and LIPEZ, JJ.

LIPEZ, Judge:

Defendant, the secretary-treasurer of Cheryl Ann, Inc., was convicted of forty-two counts of the summary offense of failure to pay wages due to employees of Cheryl Ann, Inc., under section 3(a) of the Wage Payment and Collection Law (WPCL).[1]  43 P.S. § 260.3(a) (Supp.1985).  Defendant was sentenced to pay fines totalling $4200, and ordered to pay court costs.  On appeal, a panel of this court vacated the sentence and remanded so that defendant could have an opportunity to file post-verdict motions.  *Commonwealth, Department of Labor and Industry v. Giugliano*, 318 Pa.Super.Ct. 32, 464 A.2d 503 (1983).  On remand, defendant's post-verdict motions were denied, the sentence was reimposed, and defendant took this appeal.  Because we

---

1. The Wage Payment and Collection Law is the Act of July 14, 1961, P.L. 637, §§ 1 *et seq.*, 43 P.S. §§ 260.1 *et seq.* (1964).  A comprehensive set of amendments to the Law was passed in the Act of July 14, 1977, P.L. 82, No. 30, §§ 1 *et seq.*  The amended sections appear at 43 P.S. §§ 260.2a et seq. (Supp.1985).  Both the 1961 Act and the 1977 Act differ in the manner of section numbering from the codification in the Purdon's Pocket Part.  To reduce confusion, the Purdon's Pocket Part section numbers will be used throughout this opinion, with the lone exception of the reference to section 2(1) of the 1961 Act in footnote 3, *infra.*

agree with defendant that the evidence failed to establish beyond a reasonable doubt that defendant was within the class of persons who can be held criminally liable under the WPCL, we reverse the judgment of sentence and discharge the defendant.[2]

The problems presented by the issue in this case primarily involve statutory construction. We must first clarify which sections of the WPCL can serve as the basis for criminal liability when the employer is a corporation. The opinion of the court below agrees with the Commonwealth that there are two separate bases for finding defendant criminally liable under the WPCL. The first of these involves subsection (b) of the criminal penalties section, which provides in pertinent part that "any employer who violates any provision of this act shall be guilty of a summary offense." 43 P.S. § 260.11a(b) (Supp.1985). The Commonwealth contends that the term "employer" is defined for purposes of this subsection by the definitions section of the WPCL, which provides:

The following words and phrases when used in this act shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:

"*Employer.*" Includes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or officer of any of the above-mentioned classes employing any person in this Commonwealth.

43 P.S. § 260.2a (Supp.1985). The Commonwealth argues that defendant fell within the phrase "agent or officer."

**2.** This disposition makes it unnecessary to decide defendant's other contentions: (1) that we should "pierce the corporate veil" and find that Cheryl Ann, Inc., of which defendant was secretary-treasurer, was a mere instrumentality or alter ego of another corporation, Shiro, of which defendant was not an officer, and hence Shiro was the true employer under the WPCL and defendant could not be liable; and (2) defendant was denied equal protection by the Commonwealth's decision to continue prosecuting defendant, while dismissing the same charges against Mrs. June Morrison, the president of Cheryl Ann, Inc.

The other statutory basis for defendant's criminal liability claimed by the Commonwealth is 43 P.S. § 260.11a(c), which provides:

(c) Where such employer is a corporation, the president, secretary, treasurer or officers exercising corresponding functions shall each be guilty of such summary offense.

It is clear that anyone who comes within the phrase "the president, secretary, treasurer or officers exercising corresponding functions" in subsection 260.11a(c) would necessarily fall within the much broader phrase "agent or officer" in the general definition of "Employer" in section 260.2a. Subsection 260.11a(c) would therefore be completely unnecessary if section 260.2a's broad definition of "Employer" to include every "agent or officer" were applied to corporate employers under subsection 260.11a(c).

We do not believe there is any conflict between subsection 260.11a(c) and section 260.2a,[3] because the introductory clause to section 260.2a states that its definitions apply "unless the context clearly indicates otherwise." We hold that the specific rule for corporate employers in subsection 260.11a(c) clearly indicates that the "agent or officer" portion of the "Employer" definition in section 260.2a is not to be applied to subsection 260.11a(b) when the employer is a corporation. This is because the class defined by subsection 260.11a(c), "the president, secretary, treasurer or officers exercising corresponding functions," adds nothing to the phrase "agent or officer." The legislature could not have intended subsection 260.11a(c) to have no effect. *See* 1 Pa.C.S. § 1922(2). Since we hold that subsec-

3. If there were a conflict, the Statutory Construction Act would require that it be resolved in favor of the specific definition for corporate employers in subsection 260.11a(c), under the rule that the particular controls the general. 1 Pa.C.S. § 1933. Moreover, because subsection 260.11a(c) was first put into the WPCL with the amendments of July 14, 1977, while section 260.2a's definition of "Employer" simply reenacts the definition in section 2(1) of the original WPCL passed in 1961, 43 P.S. § 260.2(1), the controlling effect of subsection 260.11a(c) in the event of conflict is also supported by the rule that the section last in order of date or position shall prevail. 1 Pa.C.S. § 1934.

tion 260.11a(c) is the exclusive basis for criminal liability of officers of corporate employers under the WPCL, we need not examine the sufficiency of the evidence to determine whether it established that defendant was an "agent or officer," but only whether it established that he fell within the phrase "the president, secretary, treasurer or officers exercising corresponding functions."

The relevant facts are not in dispute. When Cheryl Ann, Inc. was incorporated on March 28, 1978, defendant was named as secretary-treasurer and Mrs. June Morrison was named as president. Cheryl Ann, Inc. was in the sewing business and had two plants, one in Port Carbon and one in Shamokin Dam. The company owned no assets, but leased its buildings and equipment from another company, called Shiro.

Defendant was the full-time manager of the Shamokin Dam plant for Cheryl Ann, Inc. In this capacity, he supervised the operations of the Shamokin Dam plant, but had no relationship at all with the plant in Port Carbon. For his work as manager of the Shamokin Dam plant, defendant was paid, like all other employees of Cheryl Ann, Inc., by a bi-weekly check signed by Mrs. Morrison, the president of the company.

Defendant was never paid any separate compensation for being secretary-treasurer, and there is no evidence that he ever performed the functions of a corporate secretary or treasurer. The Commonwealth's argument that defendant did function as secretary-treasurer rests entirely on the fact that around January, 1979, defendant began to sign payroll checks for the Shamokin Dam plant only. It is clear, however, that this was because the company had run into financial difficulties and was unable to meet its payroll, so defendant borrowed money personally in order to continue meeting the payroll. Only defendant himself, and not the company, was obligated on these loans, and the money was kept not merely in a separate account, but in a separate bank, from the account which the company had previously

used for meeting the payroll.[4]  This money eventually ran out, and as a result, the Shamokin Dam plant employees were not paid for the period ending March 16, 1979, giving rise to the charges in this case.

Although Mrs. Morrison, the Commonwealth's chief witness, answered "Yes" when the prosecutor asked her whether defendant had been signing the checks since January in his capacity as secretary-treasurer, this was a bald legal conclusion unsupported by even a factual allegation. Indeed, the clearest indication that defendant was not functioning as secretary or treasurer of the corporation comes out of Mrs. Morrison's own testimony that at about the time the payroll was missed in March, 1979, the Shamokin Dam plant was shut down and defendant was locked out on orders of Mrs. Morrison's husband, who was nominally not even an officer of Cheryl Ann, Inc.[5]

It is thus clear that although defendant held the title of secretary-treasurer of Cheryl Ann, Inc., he never exercised the functions of either secretary or treasurer.  We must therefore reject the Commonwealth's argument that defendant did exercise those functions as a basis of liability under subsection 260.11a(c).  The Commonwealth, however, argues in the alternative that the phrase "the president, secretary, treasurer or officers exercising corresponding functions" in subsection 260.11a(c) includes a defendant who holds merely the title, but does not exercise the functions, of the office of corporate president, secretary or treasurer.  We reject this argument also.

**4.**  Defendant testified that his motive in borrowing the money was to save the jobs of the workers at the Shamokin Dam plant.  This testimony, of course, could have been rejected by the trial judge as fact-finder, but we have no need to rely on it, because defendant's motive is irrelevant, so long as there is no evidence that he acted as the secretary or treasurer of the company.

**5.**  The record is not clear as to how Mrs. Morrison's husband was able to order the plant shut down and have defendant locked out, although it appears to be related to his control of Shiro, the company of which defendant claims Cheryl Ann, Inc. is the mere instrumentality or alter ego.  *See* note 2, *supra*.  No determination of this factual matter is needed, since it relates only to the "piercing the corporate veil" issue which, as we stated in note 2, it is unnecessary to decide.

■ We believe that if the legislature had intended those who hold merely the title to be liable, it would have used "and" rather than "or" to connect the phrase "the president, secretary, treasurer" to the phrase "officers exercising corresponding functions." By making those who exercise the functions an alternative, rather than an addition, to those who have the titles, the legislature clearly implies that there are some circumstances in which those who have the title might not be liable, and those circumstances occur when those who have the title are not performing any of the functions.

In resolving a problem of statutory construction of the word "or," a panel of this court quoted an opinion of our Supreme Court, which had stated, " 'Or' obviously is a disjunctive particle and means one or the other of two propositions; never both." *Commonwealth v. Bretz,* 289 Pa.Super.Ct. 259, 264, 433 A.2d 55, 58 (1981), *quoting Marnell v. Mount Carmel Joint School System and Joint School Committee,* 380 Pa. 83, 88, 110 A.2d 357, 360–61 (1955); *cf. Bensalem Township School District v. Bucks County Commissioners,* 8 Pa.Commw.Ct. 411, 421–22, 303 A.2d 258, 265 (1973). Applying this rule to this case would be conclusive in favor of the defendant.

■ We note, however, that our Supreme Court on occasion has qualified the strict terms of the rule:

"Or" in its ordinary usage and meaning clearly and undoubtedly means "or". "Or' can only be construed to mean "and" when to give the word "or" its ordinary meaning would be to produce a result that is absurd or impossible of execution or highly unreasonable or would manifestly change or nullify the intention of the legislative body.

*Garratt v. Philadelphia,* 387 Pa. 442, 445, 127 A.2d 738, 740 (1956); *accord, Commonwealth ex rel. Specter v. Vignola,* 446 Pa. 1, 5, 285 A.2d 869, 871 (1971); *compare* 30 Words and Phrases 66–98 (1972) *with id.* at 98–108, 111–133. Here it is plain that none of the stated qualifications applies, and hence "or" should be given its normal disjunc-

tive meaning. This result is consistent not only with the express language of what appears to be a carefully drafted section of the statute, but also with the general principle of strict construction of penal statutes. 1 Pa.C.S. § 1928(b)(1). We hold that the correct interpretation of 43 P.S. § 260.-11a(c) (Supp.1985) is that the president, secretary, and treasurer of the corporate employer can only be criminally liable if they exercise at least some functions of their offices; otherwise, only those officers exercising those functions can be held liable.[6] Since defendant held only the title of secretary-treasurer, but exercised no functions of either office, he must be discharged.

Judgment of sentence reversed, and defendant is discharged.

**6.** Cases could arise in which the functions of the president, secretary and treasurer are shared by officers with and without the appropriate titles. In such cases, each could be held criminally liable. It might be asked how this squares with our disjunctive interpretation of "or" to mean that *either* "the president, secretary, treasurer" *or* "officers exercising corresponding functions" can be liable. The answer is that in such cases, the officers liable would be only those that fell within the latter phrase, which because it refers to "officers" rather than "other officers," would encompass all those exercising the functions, whether or not they held the title of president, secretary or treasurer.