604 A.2d 1021

Walter M. MOHNEY, Jr., Appellant,

v.

George H. McCLURE and Charlotte McClure,
his wife, and Robert M. Hanak, Appellees.

Supreme Court of Pennsylvania.

Argued March 9, 1992.

Decided April 16, 1992.

John R. Ryan, Colavecchi & Ryan, Clearfield, for appellant.

Sandra S. Christianson, Chief Counsel, Richard C. Lengler, Asst. Counsel, Dept. of Labor and Industry, Harrisburg, for amicus curiae.

Robert Hanak, Matthew B. Taladay, Reynoldsville, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY,
McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## ORDER

PER CURIAM:

Order affirmed.

LARSEN, J., files a dissenting opinion.

PAPADAKOS, J., dissents.

LARSEN, Justice, dissenting.

I dissent.

The issue in this case is whether the Wage Payment and Collection Law imposes civil liability, for wages owed to an employee, only on "functioning" corporate officers, i.e. those who actively participate in decision making. I believe that the statute imposes liability on *all* corporate officers and that the plain meaning of the statute is clear, unambiguous and free from doubt, and would therefore reverse the decision of the Superior Court in this case.

Appellant, Walter Mohney, was employed by McClure Contracts, Inc., and its predecessor companies, from 1947 until November of 1986 when McClure declared bankruptcy. On April 15, 1987, appellant instituted suit under the Wage Payment and Collection Law (WPCL), 43 P.S. § 260.1 *et seq.*, to recover unpaid back wages from the officers of the corporation. On March 1, 1989, the trial court granted a motion for summary judgment in favor of Robert M. Hanak, appellee, finding that he was not liable under the WPCL as secretary of McClure, in that he was a "nonfunctioning" officer of the corporation, and therefore, was not included within the class of those intended to be held liable under the WPCL for nonpayment of wages. This order was affirmed by the Superior Court on January 10, 1990.

The WPCL imposes civil liability upon certain persons and entities falling within the statutory definition of "employer" for unpaid wages owed to employees. The WPCL defines "employer" as follows:

Employer. Includes *every* person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and *any agent or officer* of any of the above-mentioned classes employing any person in this Commonwealth.

43 P.S. § 260.2a (emphasis added).

Appellant contends that appellee, Robert Hanak, as secretary and corporate counsel for McClure is an "employer" liable for nonpayment of wages under the WPCL. In support of this contention, he asserts that the statute's reference to "any officer" should be construed to mean "all officers" or "every officer," thus encompassing the most comprehensive meaning, *In re Belefski's Estate*, 413 Pa. 365, 196 A.2d 850 (1964), and that the words of the statute are clear and unambiguous, and must be construed according to their plain meaning and common usage. 1 Pa.C.S.A. § 1903(a) (Purdon Supp.1991); *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986).

Appellee, however, contends that he was not involved in the corporation's daily operations and did not actively participate in the policy-making decisions of the corporation, and therefore does not fall within the statutory definition of "employer." He argues that the Legislature could not have intended to hold every corporate officer personally liable, regardless of his level or function, because that would lead to unreasonable results. *See* 1 Pa.C.S.A. § 1922 (Purdon Supp.1991) (legislature cannot be presumed to intend an unreasonable result to follow from its enactments); *Lehigh Valley Coop. Farmers v. Commonwealth*, 498 Pa. 521, 447 A.2d 948 (1982).

The lower courts agreed that the legislature did not intend absolute liability for all corporate officers, and held that an active role in decision making is required for civil liability of corporate officers for unpaid wages. The Superior Court explained that although appellee was the secretary of the corporation, was the attorney for the corporation, was a shareholder of the corporation, took minutes at

corporate meetings, and had authorization to sign corporate checks, he did not actively participate in corporate decision making, and thus summary judgment was appropriate.

I would hold that evidence of active involvement by corporate officers in corporate decision making is not required to impose civil liability, since the statute is clear that liability for all corporate officers is absolute. By requiring additional proof of involvement in corporate decision making by a corporate officer to sustain personal liability, the Superior Court disregarded the well-established rules of statutory construction. The Statutory Construction Act, 1 Pa.C.S.A. § 1501 *et seq.*, provides:

> When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S.A. § 1921(b) (Purdon Supp.1991).

This Court has repeatedly maintained that when the language of a statute is clear and unambiguous its provisions must be read in accordance with their plain meaning and common usage. In *Commonwealth v. Bell*, 512 Pa. 334, 516 A.2d 1172 (1986), this Court stated that "When the statute's meaning is plain, there is no occasion for resorting to rules of statutory interpretation or looking to the legislative history when doing so would alter the plain meaning of the statute." *Commonwealth v. Bell*, 512 Pa. at 340, 516 A.2d at 1175. Only where statutory language is unclear may a court delve into legislative intent. 1 Pa.C.S.A. § 1921(c) (Purdon Supp.1991); *Coretsky v. Bd. of Comm'rs. of Butler Township*, 520 Pa. 513, 555 A.2d 72 (1989). The statutory language of 43 P.S. § 260.2a is clear and unambiguous. Hence, it was improper to delve into the purposes behind the WPCL. In accordance with the plain meaning of the statute, a corporate officer is an "employer" within the meaning of the WPCL and is, therefore, subject to personal liability for nonpayment of wages. Consequently, as secretary of McClure, appellee is an officer of the corporation

and an "employer" for purposes of the statute, and is therefore, subject to personal liability for appellant's unpaid wages.[1] Sadly, the judicial branch of government is now getting into the business of legislating.

Even assuming *arguendo* that the statute was unclear, the same result would inhere under a legislative intent analysis. The legislature intended, that as between an officer of a corporation and an employee of such corporation, the officer should bear the burden of financial distress, regardless of whether he participates in policy-making decisions or not. Only then can the letter and the spirit of the WPCL be properly effected.

---

1. The criminal portion of the WPCL provides, in relevant part:
   > (b) In addition to any other penalty or punishment otherwise prescribed by law, any employer who violates any provisions of this act shall be guilty of a summary offense and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars ($300), or by imprisonment up to 90 days, or by both, for each offense....

   > \*     \*     \*     \*     \*     \*

   > (c) Where such employer is a corporation, the president, secretary, treasurer or officers *exercising* corresponding *functions* shall each be guilty of such summary offense.

   43 P.S. § 260.11a (emphasis added).

   This provision has been interpreted to require a showing that a corporate officer exercised the functions of his office before criminal liability will be imposed. *Commonwealth v. Giugliano*, 351 Pa.Super. 162, 505 A.2d 317 (1986).

   Because the legislature included provision (c) in the criminal liability portion of the WPCL, and excluded this language from the civil liability provision, it is clear that the legislature intended to hold non-functioning officers liable for unpaid wages, merely by virtue of their title.