FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

THELMA BOUCHER, ARDITH
BALLARD, JOSEPH W. KENNEDY III
and LOCAL 226, AFL-CIO,
　　　　　*Plaintiffs-Appellants,*

v.

DAN SHAW, MICHAEL VILLAMOR,
JAMES VAN WOERKOM, DOES 1-50,
　　　　　*Defendants-Appellees.*

Nos. 05-15454
05-15702

D.C. No.
CV-04-01738-PMP

ORDER
CERTIFYING A
QUESTION TO
THE SUPREME
COURT OF
NEVADA

Filed April 6, 2007

Before: J. Clifford Wallace, Richard D. Cudahy,* and
M. Margaret McKeown, Circuit Judges.

---

## COUNSEL

Richard G. McCracken and Kristin L. Martin, McCracken, Stemerman, Bowen & Holsberry, 1630 South Commerce Street, Suite A-1, Las Vegas, Nevada 89102, for the plaintiffs-appellants.

Constance L. Akridge and Matthew T. Milone, Jones Vargas, 3773 Howard Hughes Parkway, 3rd Floor South, Las Vegas, Nevada 89109, for the defendants-appellees.

---

*The Honorable Richard D. Cudahy, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

## ORDER

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, we respectfully certify to the Nevada Supreme Court the question of law set forth in Section III of this order. This question of law will be determinative of a question pending before this court, and there is no clearly controlling precedent in the decisions of the Nevada Supreme Court.

We hold the issue concerning union standing and the Fair Labor Standards Act claim in abeyance pending the result of certification.

## I.  Background

The Castaways Hotel, Casino and Bowling Center (the "Castaways") closed in January 2004.[1] The plaintiffs in the present case are three former employees of the Castaways and the labor union that represented those employees. The individual plaintiffs, Ardith Ballard, Thelma Boucher and Joseph Kennedy III, seek to recover unpaid wages for themselves and for a class of Castaways employees. Ballard alleges that she has not been paid for the last pay period that she worked at the Castaways. Boucher alleges that she was not paid for the final pay period until two weeks after her employment was terminated. All three individual plaintiffs allege that they have not been paid their accrued vacation and holiday pay. Culinary Workers Union, Local 226 ("Local 226") seeks to recover wages which were withheld as dues from the paychecks of Thelma Boucher and other employees. The plaintiffs assert claims under Chapter 608 of the Nevada Revised Statutes and under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206(a). For the purposes of this certification order, only the Nevada state law claims are at issue.

---

[1]The defendants in their brief refer to the Castaways as VSS Enterprises LLC dba The Castaways Hotel, Casino and Bowling Center ("VSS").

The defendants in the present case are three Castaways' managers. Dan Shaw was the Chairman and Chief Executive Officer of the Castaways at the time the plaintiffs were discharged. Michael Villamor was responsible for handling labor and employment matters at the Castaways. And, James Van Woerkom was the Castaways' Chief Financial Officer. Shaw and Villamor were also members of VSS Enterprises LLC dba The Castaways. Shaw had a 70 percent ownership in the Castaways, and Villamor had a 30 percent ownership interest. The plaintiffs allege that each defendant had custody or control over the "plaintiffs, their employment, or their place of employment at the time that the wages were due."

The Castaways had filed for Chapter 11 bankruptcy protection on June 26, 2003. In January 2004, at the time the individual plaintiffs were discharged, the Castaways was operating as a debtor in possession. On February 10, 2004, after the plaintiffs were discharged, the Chapter 11 petition was converted to a Chapter 7 petition. The Castaways ceased operating around the time the bankruptcy case was converted to Chapter 7.

The plaintiffs filed this lawsuit in Nevada state court on October 14, 2004. On December 21, 2004, Defendant Dan Shaw removed the case to the United States District Court for the District of Nevada and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Villamor and Van Woerkom separately filed motions to dismiss as well, alleging the same grounds for dismissal as Shaw. The district court granted each of the defendant's motions in full. *Boucher v. Shaw*, No. CV-S-04-1738-PMP (PAL) (D. Nev. Jan. 25, 2005); *Boucher v. Shaw*, No. CV-S-04-1738-PMP (PAL) (D. Nev. Feb. 18, 2005); *Boucher v. Shaw*, No. CV-S-04-1738-PMP (PAL) (D. Nev. Apr. 11, 2005). The district court concluded: (1) that the defendants were not " 'employer[s]' under Chapter 608 of the Nevada Revised Statutes"; (2) "Local 226 lacks standing to bring a claim of violation of NRS 608"; and (3) the "plaintiffs cannot maintain a cause of action under the

Fair Labor Standards Act" against the defendants. *Boucher v. Shaw*, No. CV-S-04-1738-PMP (PAL), slip op. at 1-2 (D. Nev. Jan. 25, 2005).

On appeal to this court, the plaintiffs challenged the district court's determination that the defendants were not "employers" under Chapter 608 of the Nevada Revised Statutes, among other arguments.

## II.   Discussion

Chapter 608 of the Nevada Revised Statutes provides a statutory scheme for wage protection. "An employer shall pay to the employee wages for each hour the employee works." Nev. Rev. Stat. § 608.016. "Whenever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately." Nev. Rev. Stat. § 608.020. "If an employer fails to pay: (a) Within 3 days after the wages or compensation of a discharged employee becomes due . . . the wages or compensation of the employee continues at the same rate from the day he . . . was discharged until paid or for 30 days, whichever is less." Nev. Rev. Stat. § 608.040(1).

The application of these statutes to the present case depends on whether the defendants were "employers" under Chapter 608. " 'Employer' includes every person having control or custody of any employment, place of employment or any employee." Nev. Rev. Stat. § 608.011. The question in this case is whether the defendants as individual managers are "employers" under § 608.011. This is a question of first impression.[2] Neither the Nevada Supreme Court nor the Ninth Cir-

---

[2]Only the district court in the present case has encountered this specific question. In *Westbrook v. GES Exposition Servs., Inc.*, No. 2:05-CV-00532-KJD-GWF, 2006 WL 3751052, at \*1 (D. Nev. Dec. 18, 2006), the district court determined that the individual defendants in that case did not meet the definition of "employer" under Nevada Revised Statutes

cuit has published an opinion analyzing the definition of employer under Nevada Revised Statutes § 608.011.

The plaintiffs contend that the broad language of the statute makes clear that liability for unpaid wages extends beyond the common law employer to individual managers, like the defendants in the present case. They also urge the court to construe Chapter 608 of the Nevada Revised Statutes liberally in accordance with United States Supreme Court, Ninth Circuit and Nevada Supreme Court precedents which have interpreted other wage statutes liberally.

The defendants argue that Section 608.011 should be limited to the entity that "created and maintained the employment relationship." *See Leonard v. McMorris*, 63 P.3d 323, 329 (Colo. 2003). The defendants further argue that the plaintiffs' interpretation of the statute to include individual managers as employers would be inconsistent with Nevada's limited liability protection pursuant to Nevada Revised Statutes §§ 86.371, 86.381.

A number of courts in other states have considered whether individuals can be liable as "employers" under state wage protection statutes. At least three states have held that their respective states' wage protection statutes permit individual managers to be held liable as employers. *Butler v. Hartford Technical Inst., Inc.*, 704 A.2d 222, 227 (Conn. 1997); *Chu Chung v. New Silver Palace Rest., Inc.*, 272 F. Supp. 2d 314, 318-19 (S.D.N.Y. 2003); *Ellerman v. Centerpoint Prepress, Inc.*, 22 P.3d 795, 799 (Wash. 2001). However, the definition of "employer" provided in Section 608.011 is unique to Nevada.

§ 608.011 because they did not "control the purse strings." Whether the defendants in the present case actually had control or custody of the plaintiffs is not at issue, since the present appeal concerns a motion to dismiss where an allegation of control or custody is sufficient, not a motion for summary judgment as was the case in *Westbrook*.

Most of the case law on this question concerns whether an individual as an officer or agent of the corporation (and not necessarily as an employer) can be held liable under a state's wage protection statutory scheme. The state statutes at issue in these cases explicitly allow for agent or officer liability. Courts in a number of states have held that an individual acting as an agent or officer of the corporation can be held liable under the state's respective wage protection statute. *See Richmond v. Hutchinson*, 829 A.2d 1075, 1078 (N.H. 2003); *Mulford v. Computer Leasing, Inc.*, 759 A.2d 887, 891 (N.J. Super. Ct. Law Div. 1999); *Mohney v. McClure*, 568 A.2d 682, 686 (Pa. Super. Ct. 1990), *affirmed* 604 A.2d 1021 (Pa. 1992); *Dumas v. InfoSafe Corp.*, 463 S.E.2d 641, 645 (S.C. Ct. App. 1995); *Mullins v. Venable*, 297 S.E.2d 866, 868 (W. Va. 1982). *But see Leonard v. McMorris*, 63 P.3d 323, 333 (Colo. 2003) (holding that Colorado's Wage Claim Act does not make officers and agents of a corporation jointly and severally liable, along with the corporation, for the payment of wages). Section 608.011 does not allow for officer or agent liability, nor is this the basis for the plaintiffs' claims in the present case.

We conclude that the statute is ambiguous and that the case law from other states is of limited use. Because this question represents an issue of first impression and has significant implications for Nevada's wage protection law and because we cannot be certain how the Nevada Supreme Court would resolve this matter, we believe certification on this question of law to be appropriate.

### III.   Question Certified to the Nevada Supreme Court

The question of law we certify is:

Can individual managers be held liable as employers for unpaid wages under Chapter 608 of the Nevada Revised Statutes?

## IV. Conclusion

The plaintiffs' appeal presents an issue of Nevada state law which will be determinative of an issue essential to the resolution of the state claims raised in the present case. For this reason, we request that the Nevada Supreme Court accept and decide the question herein certified. We agree to abide by the Nevada Supreme Court's decision as specified by Rule 5 of the Nevada Rules of Appellate Procedure, which states that "[t]he written opinion of the Supreme Court stating the law governing the questions certified . . . shall be res judicata as to the parties." Nev. R. App. P. 5(g).

The clerk of this court shall forward a copy of this order, under official seal, to the Nevada Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court. The parties shall notify the clerk of this court within 14 days of any decision by the Nevada Supreme Court to accept or decline certification. If the Nevada Supreme Court accepts certification, the parties shall then notify the clerk of this court within 14 days of the issuance of that Court's opinion.

IT IS SO ORDERED.

_____
Margaret McKeown
United States Circuit Judge

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2007 Thomson/West.