CAROLINA CASUALTY INSURANCE
COMPANY, Plaintiff,

v.

Donald K. McGHAN, et al., Defendants.

No. 2:07–CV–00949–PMP–GWF.

United States District Court,
D. Nevada.

Aug. 14, 2008.

Dominica C. Anderson, Jennifer D. McKee, Ryan A. Loosvelt, Duane Morris, LLP, Las Vegas, NV, Joanne J. Matousek, Dirk E. Ehlers, Duane Morris LLP, Chi-

cago, IL, Lewis R. Olshin, Duane Morris LLP, Philadelphia, PA, for Plaintiff.

Mark S. Dzarnoski, Gordon & Silver, Ltd., Craig A. Henderson, Bailey Kennedy, Cheryl C. Bradford, Robert D. Martin, Martin & Allison Ltd., Marc P. Cook, Bailus Cook & Kelesis, Ltd., Las Vegas, NV, Karl Y. Olsen, Rew R. Goodenow, Parsons Behle & Latimer, Reno, NV, Scott S. Bell, Parsons Behle & Latimer, Salt Lake City, UT, Robert L. Brace, Michael P. Denver, Hollister & Brace, Santa Barbara, CA, for Defendants.

## ORDER

PHILIP M. PRO, District Judge.

Presently before the Court is Defendants Thomas R. Moyes, Samuel Clay Rogers, Paul R. Kimmel, Eugene I. Davis, Mark E. Brown, Thomas Y. Hartley, Robert Forbuss, and Ikram Khan's Emergency Motion for Stay in Proceedings (Doc. # 130), filed on July 7, 2008. Defendant Marc Sperberg filed a Joinder (Doc. # 134) on July 9, 2008. Plaintiff Carolina Casualty Insurance Company filed a Response (Doc. # 151) on July 22, 2008. Defendants filed a Reply (Doc. # 159) on August 5, 2008.

Also before the Court is Defendants Thomas R. Moyes, Samuel Clay Rogers, Paul R. Kimmel, Eugene I. Davis, Mark E. Brown, Thomas Y. Hartley, Robert Forbuss, and Ikram Khan's Motion to Certify Questions of Law to the Supreme Court of Nevada (Doc. # 132), filed on July 8, 2008. Defendant Marc Sperberg filed a Joinder (Doc. # 135) on July 9, 2008. Defendant Theodore Maloney filed a Response (Doc. # 138) on July 11, 2008. Plaintiff filed an Opposition (Doc. # 150) on July 22, 2008. Defendants filed a Reply (Doc. # 158) on August 5, 2008.

## I. BACKGROUND

This is a declaratory judgment action filed by Plaintiff Carolina Casualty Insur-

ance Company ("Carolina") against Medicor Ltd. ("Medicor") and its officers and directors seeking a declaration that Carolina owes no coverage under a policy Carolina issued to Medicor. Carolina issued a Directors' and Officers' and Corporate Liability Insurance Policy ("Policy") effective from June 30, 2006 to June 30, 2007. (Decl. of Serge J. Adam [Doc. # 76], Ex. A.) Defendants made a claim for coverage under the Policy after being named in a group of lawsuits the parties refer to as the "SWX Lawsuits." Carolina denied the claim under various exclusions in the Policy. Particularly at issue here is the "Past Acts Exclusion," which excludes coverage for what the Policy deems Wrongful Acts that occurred prior to June 30, 2004, as well as Wrongful Acts occurring after June 30, 2004 which are related to Wrongful Acts that occurred before June 30, 2004. The Policy also contains an Imputation Endorsement which provides that the Wrongful Act of a director or officer shall not be imputed to any other director or officer for the purpose of determining whether an exclusion applies.

Carolina contends the SWX Lawsuits allege Wrongful Acts occurred prior to June 30, 2004, that Defendants' alleged post-June 30, 2004 Wrongful Acts are related to the pre-June 30, 2004 Wrongful Acts, and therefore are not covered by the Policy. Defendants argue Carolina is misinterpreting the Policy to deny coverage.

The SWX Lawsuits allege that beginning as early as February 2003, Defendants Donald McGhan ("McGhan"), James McGhan, and Theodore Maloney ("Maloney") conspired with other individuals to steal the assets of Southwest Exchange, Inc.'s ("SWX") clients, who placed funds in trust with SWX as a Section 1031 intermediary for proceeds of real estate transactions. (Pl.'s Mot. for Summ. J., Exs. B–1 to B–4 [Doc. # 88], Ex. B–1 ["Third Mas-

ter Compl."] at 1; Ex. B–2 ["Selakovic Compl."] at 7–14; Ex. B–3 ["Schott Compl."] at 6, 9–10; Ex. B–4 ["Sorrell Compl."] at 9, 19, 25–28, 38–39.) According to the SWX Plaintiffs, on June 15, 2004, McGhan and Maloney formed a new entity, Capital Reef, which purchased SWX from its prior owner, Betty Kincaid ("Kincaid") on June 24, 2004. (Third Master Compl. at 20; Selakovic Compl. at 29; Schott Compl. at 10–11, 28; Sorrell Compl. at 10–11.) On June 28, 2004, Capital Reef used loans from several individuals, including Defendants Maloney and Sperberg, to pay Kincaid $3,000,000 for her interest in SWX. (Third Master Compl. at 20; Sorrell Compl. at 34.) The SWX Plaintiffs allege these loans immediately were repaid to the lenders at exorbitant interest rates out of SWX funds. (Third Master Compl. at 20; Sorrell Compl. at 13, 38.)

The SWX Lawsuits allege that upon acquiring SWX, McGhan and his co-conspirators diverted funds from SWX for their personal use and to fund Medicor's operations. (Third Master Compl. at 3–7, 12–13; Selakovic Compl. at 16, 33; Schott Compl. at 15–16, 32; Sorrell Compl. at 19.) In addition to suing Medicor and its officers and directors who allegedly actively participated in the scheme (Donald and James McGhan, Maloney, and Sperberg), the SWX Plaintiffs also sued the other directors of Medicor, claiming they knew or should have known about the allegedly improper diversion of SWX client funds for Medicor's benefit. (Third Master Compl. at 12–13, 26; Selakovic Compl. at 19; Schott Compl. at 19.)[1] The SWX Lawsuits assert claims such as breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, breach of fiduciary duty, conversion, civil Racketeer Influenced and Corrupt Organizations Act violations, negligence per se,

unjust enrichment, elder abuse, fraud, and negligent misrepresentation. (Third Master Compl. at 34–50; Selakovic Compl. at 40–82; Schott Compl. at 39–73; Sorrell Compl. at 47–58.)

On November 19, 2007, Defendants Thomas R. Moyes, Samuel Clay Rogers, Paul R. Kimmel, Eugene I. Davis, Mark E. Brown, Thomas Y. Hartley, Robert Forbuss, and Ikram Khan (the "BOD Defendants") moved for summary judgment in this action. (Mot. for Summ. J. [Doc. # 64].) The BOD Defendants argued Carolina was misapplying the Past Acts Exclusion because the Imputation Endorsement provides that the Wrongful Act of one director or officer shall not be imputed to another officer or director for purposes of determining whether an exclusion applies. The BOD Defendants thus argued Carolina could not rely on the alleged Wrongful Acts of McGhan, James McGhan, Maloney, or Sperberg to deny the BOD Defendants coverage under the Policy. Carolina cross-moved for summary judgment, arguing the Policy's Past Acts Exclusion unambiguously applied to all Defendants' conduct as alleged in the SWX lawsuits. (Pl. Carolina Casualty Ins. Co.'s Cross–Mot. for Summ. J. [Doc. # 75].) Carolina also separately moved for summary judgment against Defendants McGhan, James McGhan, Sperberg, and Maloney. (Pl. Carolina Casualty Ins. Co.'s Mot. for Summ. J. [Doc. # 85].) After briefing was completed, the Court held a hearing on these motions. (Mins. of Proceedings [Doc. # 110].)

The Court thereafter issued an Order in which the Court noted that Nevada has not interpreted similar policy language with respect to the Past Acts Exclusion and the Imputation Clause. (Order [Doc. # 111] at 8.) After reviewing case law from

---

1. The Sorrell Complaint does not assert claims against Medicor officers and directors beyond those alleged to have participated in the scheme.

Nevada and other states, the Court held, in relevant part, that the Past Acts Exclusion does not limit coverage based on the identity of who committed the Wrongful Acts or Related Wrongful Acts:

> Rather, it excludes coverage for "any" Wrongful Act. Moreover, the Past Acts Exclusion excludes coverage for "any" Wrongful Act occurring on or after June 30, 2004 which, together with "a" Wrongful Act occurring prior to June 30, 2004, would constitute a Related Wrongful Act. Consequently, so long as the particular insured seeking coverage committed any Wrongful Act that relates to "a" Wrongful Act occurring prior to June 30, 2004, the Past Acts Exclusion applies regardless of the identity of who committed the pre-June 30, 2004 Wrongful Act. The Imputation Endorsement does not alter the Past Acts Exclusion's language that a Related Wrongful Act constitutes "any" Wrongful Act related to "a" prior Wrongful Act without limitation as to the identity of the actor who committed the pre-June 30, 2004 Wrongful Act.

(Order at 8–12.)

Defendants now move to certify two questions to the Nevada Supreme Court: (1) whether, under Nevada law, a severability clause in a Directors' and Officers' Corporate Liability Policy provides separate and distinct coverage for each Director's or Officer's own wrongful acts; and (2) whether, under Nevada law, the definition of the term "related wrongful acts" under the Policy extends to acts committed by those insured only after the dates of the term at issue. The BOD Defendants argue Nevada has not addressed these issues and the Nevada Supreme Court should resolve these questions of Nevada law. Defendants also move for an emergency stay of all proceedings in this action until the Court rules on the motion for certification.

Plaintiff responds that certification is not proper because Defendants moved for summary judgment on these very issues in this Court knowing no Nevada law existed on the subject, but did not move for certification at that time. Plaintiff argues Defendants may not now request certification to the Nevada Supreme Court due to their dissatisfaction with this Court's ruling. Additionally, Plaintiff argues certification is unnecessary. For these same reasons, Plaintiff opposes a stay.

## II. DISCUSSION

Pursuant to Nevada Rule of Appellate Procedure 5, the Nevada Supreme Court may answer questions of law certified to it by a United States District Court upon the certifying court's request:

> if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

Nev. R.App. P. 5(a); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 137 P.3d 1161, 1163–64 (2006). A certifying court may invoke Rule 5 upon its own motion or upon the motion of any party. Nev. R.App. P. 5(b).

Resort to certification is not mandatory where state law is unclear on a particular issue. *Lehman Bros. v. Schein*, 416 U.S. 386, 390–91, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974). Rather, when a federal court confronts an issue of state law which the state's highest court has not addressed, the federal court's task typically is to predict how the state's highest court would decide the issue. *See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir.2002); *Strother v. S. Cal. Permanente Med.*

*Group,* 79 F.3d 859, 865 (9th Cir.1996). However, in some circumstances, certification to a state's highest court is appropriate, and may "save time, energy, and resources and help [ ] build a cooperative judicial federalism." *Lehman Bros.,* 416 U.S. at 391, 94 S.Ct. 1741.

■ Whether to certify a question to the state's highest court lies within the federal court's discretion. *Id.* Factors a federal court should consider in exercising this discretion include whether the state law question presents a significant question of important state public policy, whether the issue involved has broad application, whether law from other states is instructive, the state court's case load, and comity and federalism concerns. *Kremen v. Cohen,* 325 F.3d 1035, 1037–38 (9th Cir. 2003); *see also Boucher v. Shaw,* 483 F.3d 613, 616 (9th Cir.2007).

■■ Additionally, a federal court may consider the timing of the certification, and whether certification will achieve savings to time, money, and resources or promote cooperative judicial federalism. *Complaint of McLinn,* 744 F.2d 677, 681 (9th Cir.1984). When a party requests certification for the first time after losing on the issue, that party must show "particularly compelling reasons" for certifying the question. *Id.* ("Ordinarily such a movant should not be allowed a second chance at victory . . . ."); *see also Boyd Rosene & Assoc., Inc. v. Kansas Mun. Gas Agency,* 178 F.3d 1363, 1364 (10th Cir.1999) ("Late requests for certification are rarely granted by this court and are generally disapproved, particularly when the district court has already ruled."); *Perkins v. Clark Equip. Co., Melrose Div.,* 823 F.2d 207, 210 (8th Cir.1987) ("The practice of requesting certification after an adverse judgment has been entered should be discouraged. Otherwise, the initial federal court decision will be nothing but a gamble with certification sought only after an ad-

verse decision. Once a question is submitted for decision in the district court, the parties should be bound by the outcome unless other grounds for reversal are present.").

■ The Court, in its discretion, will deny Defendants' request for certification. By filing a motion for summary judgment, the BOD Defendants requested this Court interpret the Policy under Nevada law with full understanding that Nevada had not addressed similar policy language. Defendants acknowledged Nevada law controlled the question, but did not cite to any Nevada law construing similar language in an insurance policy. (Mot. for Summ. J. [Doc. # 64] at 8–10.) Instead, Defendants cited to cases in Massachusetts, New Jersey, and Hawaii. (*Id.* at 9–10.) Defendants did not request certification or suggest that certification may be appropriate. Having presented the issue to this Court for decision and waiting to request certification until after this Court ruled, Defendants must present compelling reasons to certify.

The Court finds no compelling reasons to certify. Although no controlling Nevada Supreme Court authority exists, this case does not present a significant question of important state public policy. It involves the interpretation of particular clauses in a particular insurance policy. The questions involved in this action therefore do not have broad application, unlike other questions certified to the Nevada Supreme Court which involved issues of broader application and greater significance to the state. *See, e.g., Arizonans for Official English v. Ariz.,* 520 U.S. 43, 76–80, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) (suggesting lower courts should have certified to give the state the first opportunity to construe a newly enacted state statute challenged as unconstitutional); *Boucher,* 483 F.3d at 616 (certifying question of

whether individual managers are "employers" under Nev.Rev.Stat. § 608.011 as a question "of first impression [with] significant implications for Nevada's wage protection law"); *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Hartford Fire Ins. Co.,* 482 F.3d 1064, 1066 (9th Cir.2007) (certifying question of whether the notice requirements of Nev.Rev.Stat. § 339.035(2) apply to third-party beneficiaries). The Court will not burden the Nevada Supreme Court with a run-of-the-mill dispute over the interpretation of particular language in an insurance policy. Certification in these circumstances would not promote comity and federalism concerns.

Moreover, certification at this stage would not promote time, energy, and resource savings. The parties have fully briefed and argued the issues, presented them to this Court, and this Court issued its ruling. To send the same issues to the Nevada Supreme Court for resolution would waste both the parties' and the respective state and federal judicial systems' time, energy, and resources.

For these reasons, the Court will deny Defendants' request for certification of questions to the Nevada Supreme Court. The Court also will deny Defendants' related request to stay these proceedings pending certification.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Thomas R. Moyes, Samuel Clay Rogers, Paul R. Kimmel, Eugene I. Davis, Mark E. Brown, Thomas Y. Hartley, Robert Forbuss, and Ikram Khan's Emergency Motion for Stay in Proceedings (Doc. # 130) is hereby DENIED.

IT IS FURTHER ORDERED that Defendants Thomas R. Moyes, Samuel Clay Rogers, Paul R. Kimmel, Eugene I. Davis, Mark E. Brown, Thomas Y. Hartley, Robert Forbuss, and Ikram Khan's Motion to Certify Questions of Law to the Supreme Court of Nevada (Doc. # 132) is hereby DENIED.