625 A.2d 1236

**Valerie FADEN, Appellee,**

v.

**John deVITRY and 340 North Queen Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1993.

Filed June 1, 1993.

556

John W. Metzger, Lancaster, for appellant.

Gabriella H. Farhat, Lancaster, for appellee.

Before CAVANAUGH, WIEAND and CIRILLO, JJ.

CAVANAUGH, Judge:

This is an appeal from a judgment entered upon a non-jury verdict in favor of appellee-employee, Valerie Faden. Suit was commenced for unpaid wages for the three-month period of time that Faden worked for appellant, John deVitry, as the manager of a restaurant called Cafe Dejon. The Cafe Dejon was owned by appellant 340 North Queen Corporation, a corporation whose sole shareholder and president was John deVitry. After working for three months without pay, Faden

left Cafe Dejon in June, 1987. She brought suit in December, 1987 seeking wages, liquidated damages and attorneys' fees under the Wage Payment and Collection Law, 43 P.S. § 260.1 *et. seq.* The complaint was later amended to include counts for breach of contract and in quantum meruit.

The matter was tried before the Honorable Lawrence F. Stengel. The judgment in the amount of $11,834.63 was against both defendants, jointly and severally. Among Judge Stengel's findings of fact and conclusions of law were the following:

### FINDINGS OF FACT

5.  Valerie Faden and 340 North Queen Corporation agreed that Valerie Faden's services would be valued at two thousand dollars ($2,000.00) per month.

6.  Valerie Faden and 340 North Queen Corporation did not come to an agreement with respect to the manner of payment to Valerie Faden for her services as general manager.

7.  Valerie Faden and 340 North Queen Corporation, by its representatives, discussed "equity sharing" or a partnership share as possible means of compensating Valerie Faden for her services.

### CONCLUSIONS OF LAW

1.  Valerie Faden had an expectation of compensation in the amount of two thousand dollars ($2,000.00) per month for her services as general manager.

2.  The parties did agree to the value of Valerie Faden's services in the amount of two thousand dollars ($2,000.00) per month.

3.  The parties did not come to an agreement or a mutual assent as to whether the two thousand dollars ($2,000.00) per month compensation would be paid in stock, a partnership interest or in cash.

6. Valerie Faden was entitled to "wages," within the meaning of the WPCL, for services rendered as general manager of the Cafe Dejon.

7. Failing an agreement as to the payment of compensation to Valerie Faden in shares of stock, partnership interest, or some form other than cash, Valerie Faden is entitled to be paid for the work she performed for Cafe Dejon under the doctrine of quantum meruit.

Lower Court Opinion, March 26, 1991.

After the appellants filed post-verdict motions, the lower court en banc adopted its prior order in favor of appellee.

On appeal, deVitry and 304 North Queen Corporation raise four inter-related issues for review:

I. Was the trial court correct in relying upon the "legal fiction" of a contract implied at law under quantum meruit as the basis for Plaintiff's recovery under the Wage and Payment Collection Law, 43 P.S. Section 260.1 et seq. (hereinafter "WPCL"), a statute which does not create a right to compensation and which is applicable only when an employer breaches an actual oral or written contract to pay an employee earned wages?

II. Was the trial court's application of the WPCL warranted in the absence of a traditional employer/employee relationship between Plaintiff and Defendant?

III. Was the trial court correct in imposing vicarious liability upon Defendant John deVitry for the obligations of Defendant 340 North Queen Corporation?

IV. Did Plaintiff present adequate evidence at trial to support the trial court's Conclusion of Law that the parties had agreed to the monetary value of Plaintiff's services?

We shall treat the first two issues together as they both implicate the trial court's application of the Wage Payment and Collection Law ("WPCL"). Appellants argue that there was no express contractual obligation to pay wages and that the WPCL, therefore, provides no means by which Faden may

collect money from them. They contend that Judge Stengel's finding of Faden's entitlement to payment under the doctrine of quantum meruit precludes application of the WPCL.

Appellants argue from the evidence they presented at trial that the nature of the relationship between 304 North Queen Corp. and Faden was a joint venture. They point to the testimony of defense witnesses to support a finding that an equity sharing arrangement rather than an employer-employee relationship existed between the parties. This line of argumentation ignores the fact that the trial court rejected this evidence in favor of that offered by Faden. Appellants' position is fundamentally an attack upon the sufficiency of the evidence to support the verdict.

In considering the sufficiency of the evidence to sustain the verdict, we view the evidence in the light most favorable to the verdict winner, granting that party the benefit of all reasonable inferences, and determine only whether the evidence introduced at trial was sufficient to sustain the verdict. *Taylor v. Celotex Corp.*, 393 Pa.Super. 566, 573, 574 A.2d 1084, 1088 (1990); *Cooper v. Burns*, 376 Pa.Super. 276, 280–281, 545 A.2d 935, 937 (1988), *appeal denied*, 522 Pa. 619, 563 A.2d 888 (1989).

When the evidence is viewed in the light most favorable to Faden, it is clear that it sufficiently supports the conclusion of the trial court that there existed an agreement as to the monthly value of Faden's services ($2,000.00). Ms. Faden testified that she and John deVitry orally agreed that she would be paid $2,000.00 a month as general manager of Cafe Dejon. The lack of agreement was as to the form of compensation, i.e., cash, stock, or partnership interest. Under these circumstances, we find no error by the trial court in concluding that the WPCL applied.

The WPCL provides that a civil action may be brought by an employee to whom any type of wages is payable. 43 P.S. § 260.9a(a). Wages, by statutory definition, includes all earnings of an employee, regardless of whether determined on time, task, piece, commission or other method of calculation.

43 P.S. § 260.2a. Based upon its factual finding that there was no agreement reached between the parties regarding stock ownership or partnership by Faden in 340 North Queen Corporation, the lower court could properly find that the payment of the agreed upon $2,000.00 was to be in the form of cash wages. The testimony of Faden supports the determination that the parties came to no meeting of the minds concerning her acquisition of an ownership interest in the restaurant. Since they had agreed upon Faden's receipt of the equivalent of $2,000.00 monthly, barring some other form of payment, the finding that the compensation be in the form of cash wages is within the terms of the original employment contract. Since the claim in based upon a contractual obligation to pay wages, the WPCL is applicable.

■ The fact that negotiations were ongoing regarding Faden's being paid in stock does not alter the contractual nature of the appellants' obligation to Faden. Appellants cite the trial court's conclusion that Faden was also entitled to payment under the doctrine of quantum meruit as an indication that it rejected the contract claim under the WPCL. This contention is belied, however, by the explicit conclusion of law that Faden was entitled to wages under the WPCL for services rendered. We accept the trial court's explanation in its opinion that the award on the basis of quantum meruit was intended as an alternate theory of recovery. Faden was not awarded damages twice for the same injury. Damages under the WPCL were awarded for wages, liquidated damages and counsel fees. *See,* 43 P.S. §§ 260.9a, 260.10. Since the evidence in the record supports the finding of contractual liability, the first two issues are without merit.

■ The third issue challenges the finding of individual liability of John deVitry. Since we have determined that the WPCL applies to Faden's claims, deVitry as the sole corporate officer is liable individually for the corporation's failure to pay wages. By statutory definition, "employer" includes any agent or officer of a corporation. 43 P.S. § 260.2a; *Amalgamated Cotton Garment and Allied Industries Fund v. Dion,* 341 Pa.Super. 12, 491 A.2d 123 (1985). Therefore, no error was

committed in holding deVitry individually liable under the WPCL.

The final issue is that the evidence was insufficient to support a finding that the parties agreed to the monetary value of Faden's services. As is evident from the above discussion, Faden's testimony adequately detailed the agreement between the parties so that the fact finder, if it believed the testimony, could determine that they agreed to $2,000.00 a month valuation. In their brief, appellants cite portions of the amended complaint which state an hourly wage. These allegations are not determinative, however since other allegations were that the parties agreed to payment of $2000.00 per month. It was up to the trier of fact whether to believe Faden's testimony concerning the agreement between the parties.

Judgment affirmed.