# Crites v. Hoogovens Technical Services Inc.

450

C.P. of Allegheny County, no. GD 99-12989.

*Jay N. Silberblatt,* for plaintiff.
*Joseph A. Vater Jr.,* for defendants.

BAER, *J.,* January 7, 2000—The Pennsylvania Wage Payment and Collection Law, 43 P.S. §260.1 et seq. does not define the term "employee(s)." Nevertheless, virtually all of its remedy provisions provide that such remedies shall inure to "employees." In this matter, we are called upon to decide whether plaintiff, William E. Crites, should be considered an "employee" pursuant to the WPCL. If so, he should be permitted to pursue Count I of his action under the WPCL against defendants, Hoogovens Technical Services Inc. and W. Joseph Mollenauer Jr. If not, Count I should be dismissed in accordance with employers' motion for partial summary judgment which is presently before us. Notwithstanding several federal decisions that at first blush appear to be to the contrary, we conclude that employee is, indeed, an

"employee" under the WPCL, and, therefore, can pursue Count I of his action pursuant to that statute.

Defendant Hoogovens is a Delaware corporation with its principal offices in Allegheny County, Pennsylvania. Defendant Mollenauer is one of its high-ranking officers.[1] On May 31, 1996, Hoogovens and employee, an Ohio resident, entered into an employment agreement for a three-year term. Employee's obligation thereunder was to provide technical expertise to a steel facility located in Monclova, Mexico.

In paragraph 6, the agreement provided that either party could terminate it, with or without cause, upon one month's written notice. Upon such termination, employee would receive six months of his base salary as severance pay. At paragraph 11, subparagraph G, the agreement provided as follows:

"This agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania and the parties agree that original jurisdiction of any dispute hereunder shall be the Court of Common Pleas of Allegheny County, Pennsylvania."

As will be discussed, this is both a choice of law and a choice of forum provision.

---

1. The WPCL defines an employer to include any agent or officer of an employer, and case law has clarified that corporate officers, under certain circumstances, can be held personally liable for wages due employees. See 43 P.S. §§260.2(a) and 260.9(a); *Faden v. deVitry,* 425 Pa. Super. 555, 625 A.2d 1236 (1993), *appeal denied,* 535 Pa. 658, 634 A.2d 221 (1993). Thus, Mr. Mollenauer was named as a defendant.

On April 15, 1999, employee resigned and requested his six months severance pay. Employers paid employee $24,261, contending that this was the amount due him pursuant to the agreement. Employee did his own calculation, and determined that he was entitled to severance pay of $57,792. When the parties were unable to reach agreement, employee filed this action, stating his claims in two counts. The first count seeks the amount employee contends is due him, liquidated damages and counsel fees in accordance with the WPCL. The second count is for breach of contract.

Employers have moved for partial summary judgment, seeking dismissal of Count I which was filed pursuant to the WPCL. It is uncontested that employee is an Ohio resident whose work for employers took place solely in the country of Mexico. Employers contend that under those circumstances, employee is not an "employee" in accordance with precedent interpreting the WPCL, and that, therefore, he cannot make a legally cognizable claim under that statute.[2]

Employers direct us to a line of federal cases predicting what Pennsylvania courts would do when faced with the issue of whether an employee who does not work in Pennsylvania may sue therein pursuant to the WPCL. The seminal case in this line is *Killian v. McCulloch,* 873 F. Supp. 938 (E.D. Pa. 1995). In *Killian,* a Pennsylvania employer employed two individuals who did not work within Pennsylvania. The employer allegedly failed

---

2. It is necessary to look at Pennsylvania's Statutory Construction Act, 1 Pa.C.S. §1901 et seq. and the case law interpreting the WPCL because of the statute's failure to define the term "employee."

to pay the employee's wages, and the employees brought an action in the federal district court for the Eastern District of Pennsylvania which included a count under the WPCL. The employer moved for summary judgment, raising that the WPCL should not be interpreted to protect an employee who does not work in Pennsylvania.

The *Killian* court first noted that if the statute was read literally, an employee living and working in Arizona could sue an Oregon-based employer in Pennsylvania so long as that employer had one employee in Pennsylvania. While the *Killian* court did not refer to the Pennsylvania Statutory Construction Act, it, in essence, held that such a result would be absurd, and that, therefore, could not be correct. See 1 Pa.C.S. §1922(1). We agree with that reasoning.

The *Killian* court then reviewed several cases and concluded that the principal purpose of the WPCL was to protect the rights of individuals working in Pennsylvania to receive their wages. The court opined that while the statute had the effect of deterring wrongful behavior on behalf of employers, this was only an effect, and not one of its intended purposes.[3] The *Killian* court then proceeded to combine its extreme, but correct, hypothetical concerning a non-Pennsylvania employer with one employee, in Pennsylvania being sued by a non-Pennsylvania employee with its conclusion that the sole purpose of the WPCL is to protect workers; and, based upon these premises, concluded that an action pursuant to the WPCL should be allowed only when the plaintiff/employee

---

3. As will be discussed fully below, we disagree with this reasoning.

works within Pennsylvania. Accordingly, it dismissed the plaintiff's claim stated under the WPCL.

In *Hides v. Certainteed Corp.,* 1995 WL 458786 (E.D. Pa.), the United States District Court for the Eastern District of Pennsylvania was confronted with a similar issue six months after *Killian.* Without any meaningful analysis, the *Hides* court accepted *Killian's* logic and dismissed the plaintiff's WPCL claim because the plaintiff did not work within Pennsylvania. In deciding a similar issue, *Bunnion v. Consolidated Rail Corp.,* 1998 WL 372664 (E.D. Pa.), citing *Killian,* found its reasoning "persuasive" and declined to certify a proposed subclass in a class action brought, inter alia, pursuant to the WPCL, because not all of the members of the subclass worked within Pennsylvania. Thus, *Hides* and *Bunnion,* in essence, paid blind allegiance to *Killian.*[4]

All three of these federal decisions are factually distinguishable to some extent. To the degree that these cases cannot be distinguished, we note that we are not bound by them and respectfully decline to follow them. We believe *Killian* was wrong in concluding that punishing wayward employers was an effect, and not a purpose, of the WPCL. As mentioned in footnote 1, the WPCL defines "employer" to include any entity or agent or officer of an entity employing any person in this Commonwealth. 43 P.S. §260.2(a). This broad definition of

---

4. If these cases mean what they say, they would seemingly prohibit a Pennsylvania resident working outside the Commonwealth for a Pennsylvania employer to sue within Pennsylvania under Pennsylvania law. As set forth at footnote 6 at the conclusion of this opinion, if faced with that situation, we would disregard any federal precedent to the contrary, and permit the action.

"employer" indicates that our General Assembly intended to bring all employers within the scrutiny of the WPCL unless to do so would yield an unreasonable or absurd result. Moreover, sections 260.9(a), 260.10 and 260.11(a) of the WPCL provide various civil and criminal remedies and penalties against employers, including surcharges, liquidated damages, counsel fees and possible criminal liability. The Pennsylvania Statutory Construction Act at 1 Pa.C.S. §1921(a) and the case law interpreting that section make clear that we should construe the WPCL as a whole. *Turner v. May Corporation,* 285 Pa. Super. 241, 427 A.2d 203 (1981). Both the broad definition of "employers" and the array of remedies available against them indicate a legislative intent to punish wayward employers and thereby to discourage them from failing to pay wages.

Thus, while we have no doubt that *Killian* was correct in determining that one of the purposes of the WPCL is to protect the wages of employees, we believe it self-evident that a co-equal purpose of this statute is to allow for the punishment of recalcitrant employers and thereby to provide a powerful disincentive to any employer's temptation to fail to pay wages rightfully due an employee.

As referenced above, employee in the instant case was employed pursuant to an employment agreement which contained a choice of forum and choice of law provision. The agreement provided that the Court of Common Pleas of Allegheny County would have exclusive original jurisdiction over any disputes between the parties, and that the laws of Pennsylvania would govern these disputes. Thus, if employee, who is an Ohio resident

working in Mexico, sought to bring an action in Ohio, or in Pennsylvania under Ohio's version of our WPCL, he would be faced with preliminary objections that he had contractually agreed to sue only in Allegheny County and to be governed by Pennsylvania law which, as heretofore construed, would prohibit any suit brought by someone not employed in Pennsylvania.[5]

If employee cannot bring a wage collection action in Ohio, or, indeed, anywhere else, because of the agreement's choice of forum clause; cannot bring an action in Allegheny County utilizing Ohio's, or another state's, equivalent of the WPCL because of the agreement's choice of law clause; and cannot bring a WPCL action in Allegheny County under Pennsylvania law because he is not employed within Pennsylvania, he is effectively out of court. Correspondingly, if employer can maneuver the situation so that all of its employees throughout the world who do not work in Pennsylvania must, nevertheless, sue here under our law, but none of them can bring a claim under Pennsylvania's WPCL because they do not work in our state, or under any other state's version of the WPCL, because of the agreement's choice of law provision, employer will have managed to make itself immune from these actions.

---

5. In a supplemental letter in support of its position, employer argues that the clause in the agreement conveying original jurisdiction of any dispute to this court is drawn narrowly, should be read narrowly, and, therefore, should be applied only to actions arising under the contract, rather than this WPCL claim. We find this position wholly unpersuasive, and doubt that employer would adopt it if employee sued under a Wage Agreement and Collection Law in a different jurisdiction.

This result becomes all the more absurd if one considers another scenario. Assume a Pennsylvania employer has its principal offices in Philadelphia and a "suburban" office just across the Ben Franklin Bridge in Camden, New Jersey. Assume also, that some of employer's staff in both Pennsylvania and New Jersey hail from both states, and that employer has all employees sign the employment agreement employee signed in this case. A holding consistent with *Killian* and employer's position herein would yield the following results. The Pennsylvania employees working in Pennsylvania would be permitted to sue pursuant to the WPCL. The Pennsylvania employees working in New Jersey would not be permitted to sue in Pennsylvania because they do not work in Pennsylvania, and would not be permitted to sue in New Jersey because of the employment agreement's choice of forum provision. The New Jersey residents working in Pennsylvania would be permitted to sue in Pennsylvania because they work here, and, finally, the New Jersey residents working in New Jersey would be precluded from suit in Pennsylvania because they do not work in Pennsylvania, and would be precluded from suit in New Jersey because of the choice of forum provision.

The result would not improve greatly even if we extended the rule in *Killian* to permit both Pennsylvania employees and residents to bring WPCL actions. Under the above hypothetical, New Jersey residents working in Pennsylvania still would be permitted to sue in Pennsylvania, but New Jersey residents working in New Jersey still would be precluded from suit in both New Jersey and Pennsylvania.

If it is an absurd result that an Arizona employee can sue an Oregon employer in Pennsylvania because one

employee works here, the results suggested above are equally absurd. Moreover, it is inconsistent with the purposes of the WPCL and nonsensical to allow a Pennsylvania employer to require that Pennsylvania be the sole forum and choice of law for all employer-employee disputes, but employ no one here, and thereby immunize itself from the various sanctions our General Assembly built into our law to protect employees, to punish recalcitrant employers, and to discourage such employers from inappropriate and illegal conduct.

We hold that where, as here, an employment agreement requires the use of Pennsylvania law and makes Pennsylvania the exclusive forum for employer-employee disputes, an employee of a Pennsylvania corporation who neither lives nor works in Pennsylvania may, nevertheless, sue that corporation in Pennsylvania pursuant to the WPCL.[6] Accordingly, by separate order of even date herewith, we have denied employers' motion for partial judgment on the pleadings.

## ORDER

And now, January 7, 2000, in accordance with the rationale set forth in our opinion of even date herewith, it is hereby ordered, adjudged and decreed that defendants' motion for partial judgment on the pleadings is denied.

---

6. As mentioned in footnote 4, we believe also that, regardless of where in the world a Pennsylvania resident happens to work, he or she should always be able to bring an action in Pennsylvania against a Pennsylvania-based employer pursuant to the WPCL. To the extent *Killian* and its progeny are inconsistent with this observation, we believe they are incorrect.