491 A.2d 123

AMALGAMATED COTTON GARMENT AND ALLIED INDUSTRIES FUND

v.

Bernard DION, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 28, 1984.

Filed March 22, 1985.

Stuart J. Agins, Philadelphia, for appellant.

Alan F. Markovitz, Philadelphia, for appellee.

Before WIEAND, MONTEMURO and CERCONE, JJ.

MONTEMURO, Judge:

This matter is before the court on the appeal of Bernard Dion from the lower court's order granting judgment on the pleadings in favor of appellee, Amalgamated Cotton Garment and Allied Industries Fund. The basis of the lower court's judgment was that, under the Pennsylvania Wage Payment and Collection Law (hereinafter "WPCL"),[1] appellant as an admitted officer of a corporation which had breached an agreement to make contributions to appellee, was individually liable for those contributions. Appellant raises two arguments in this appeal: (1) that the WPCL is preempted by federal law—the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"),[2] and (2) that the WPCL cannot be construed to impose individual liability on the officer of a delinquent corporation. We find both of these arguments to be without merit.

The facts are as follows: Appellant was an officer and shareholder of Bee and Jay Sportswear, Inc. In accordance with a collective bargaining agreement, Bee and Jay Sportswear, Inc. was obligated to make weekly contributions to appellee, a multi-employer labor trust fund, which in turn was to provide fringe benefits to employees of Bee and Jay Sportswear, Inc. Bee and Jay Sportswear, Inc. breached its agreement with appellee, and failed to remit contributions in the amount of $19,474.18. As a result of this breach, an arbitration award was entered in favor of appellee and against Bee and Jay Sportswear, Inc. Unable to collect the arbitration award, appellee filed a complaint in the instant

1. Act of July 14, 1961, P.L. 637, § 1 et seq., 43 P.S. § 260.1 et seq.
2. 29 U.S.C. § 1001 et seq.

action against appellant under the WPCL. In his answer,[3] appellant admitted that at the time relevant to these proceedings, he had been an officer and shareholder of Bee and Jay Sportswear, Inc. Appellee moved for judgment on the pleadings on the basis that the WPCL provided that officers of a delinquent corporation could be held personally liable as "employers." The lower court agreed, and granted judgment in favor of appellee.

■ We first address appellant's argument that the WPCL has been preempted by ERISA. That argument is quickly laid to rest, however, since appellant failed to raise this issue in the lower court. Matters not raised below will not be considered for the first time on appeal. *Commonwealth v. Natl. Federation of the Blind*, 471 Pa. 529, 370 A.2d 732 (1977). Furthermore, we note that had this issue been preserved, the Third Circuit Court of Appeals has found that the WPCL is *not* preempted by ERISA. *Carpenters Health and Welfare Fund of Phila. and Vicinity v. Kenneth R. Ambrose, Inc.*, 727 F.2d 279 (3d Cir.1983).

Appellant's second argument is that the WPCL cannot be construed to impose personal liability on the officer of a delinquent corporation. Although no appellate court in Pennsylvania has addressed this issue, it has been addressed on our trial level and by federal courts. *See Ward v. Whalen*, 18 Pa. D & C 3d 710 (1981); *Carpenters Health v. Ambrose, Inc., supra; Amalgamated Cotton Garment and Allied Industries Fund v. J.B.C. Company of Madera, Inc.*, 608 F.Supp. 158 (W.D.Pa.1984); *In re Johnston*, 24 B.R. 685 (B.C.W.D.Pa.1982). These cases have all held that the WPCL imposes personal liability on officers for unpaid benefit contributions.[4]

3. The complaint was amended, and the appellant's answer was in response to the amended complaint.

4. The federal cases have interpreted the WPCL to impose such liability on only the highest ranking corporate officers. We are not asked to determine whether "officer" under the WPCL should be limited to only the highest ranking corporate officers. Appellant contends rather, that the WPCL cannot be interpreted to impose liability on *any* officer.

Appellant's argument is far-fetched. The relevant provisions of the WPCL are: § 260.9a(b), which permits employees or a labor organization to whom any type of wages is payable, to maintain an action for recovery of such unpaid wages; and § 260.2a, which defines "wages" to include fringe benefits, and "employer" to include "every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and any agent or *officer* of any of the above-mentioned classes employing any person in this Commonwealth." (emphasis added).

Appellant first tries to create an ambiguity in § 260.-9a(b) [5] by pointing out that, while that action gives employees and labor organizations the right to recover unpaid wages, it does not specify against whom such an action may be brought. Appellant asserts that the term "employer" cannot be understood as the intended object of liability in § 260.9a(b), but that that section can only be interpreted to create liability against a corporation, and not against an officer thereof. Appellant "bolsters" this interpretation by directing our attention to subsections (c), (d), and (e) of § 260.9a. These subsections pertain to the right of the Secretary of Labor and Industry to bring an action on behalf of the employees, or labor organization, and conspicuously states that the claim is against an "employer." Appellant feels that the omission of the term "employer" from subsection (b) was intentional in light of the exact reference to "employer" in subsections (c), (d), and (e).

 We must assume that the legislature intended a reasonable result in constructing a statute. *McKinney v.*

---

5. 43 P.S. § 260.9a(b) provides:
 (b) Actions by an employe, labor organization, or party to whom any type of wages is payable to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction, by such labor organization, party to whom any type of wages is payable or any one or more employes for and in behalf of himself or themselves and other employes similarly situated, or such employe or employes may designate an agent or representative to maintain such action or on behalf of all employes similarly situated. Any such employe, labor organization, party, or his representative shall have the power to settle or adjust his claim for unpaid wages.

*Board of Commissioners of Allegheny County,* 488 Pa. 86, 410 A.2d 1238 (1980). Since it is clear that the employees or labor organization may inform the Secretary of Labor and Industry of the delinquency, thereby giving the Secretary the power to pursue the claim *against the employer,* it is ludicrous to suggest that a claim brought directly by the employees or labor organization themselves is not likewise a claim *against the employer.* It is undeniable that the definition of "employer" encompasses an officer of the corporation, thus, we construe the WPCL to impose liability here on the officer of a delinquent corporation. We find no support for appellant's desperate interpretation that the employees or labor organization may bring an action only against the corporation.

Accordingly, we affirm the order of the court below.