568 A.2d 682

Walter M. MOHNEY, Jr., Appellant,

v.

George H. McCLURE and Charlotte McClure, his wife
and Robert M. Hanak.

Superior Court of Pennsylvania.

Argued Oct. 11, 1989.

Filed Jan. 10, 1990.

John R. Ryan, Clearfield, for appellant.

Matthew B. Taladay, Reynoldsville, for appellees.

Before WIEAND, TAMILIA and HESTER, JJ.

HESTER, Judge:

Walter Mohney, Jr. appeals from the March 1, 1989 order entered by the Court of Common Pleas of Jefferson County granting summary judgment to appellee, Robert M. Hanak, on the issue of appellee's liability as a corporate officer for the nonpayment of wages. Appellant contends that appellee, as secretary and corporate counsel for McClure Contracts, Inc. ("McClure"), is considered an employer liable for non-payment of wages under the Wage Payment and Collection Law, ("WPCL"), 43 P.S. § 260.9a.[1]

1. 43 P.S. § 260.9a, in pertinent part provides:

McClure declared bankruptcy on November 14, 1986. Appellant brought suit against the officers for personal liability under the WPCL independent of the bankruptcy, alleging that he was owed back wages and that he had no other remedy due to the bankruptcy. Appellee counters that appellant has no remedy under the WPCL since appellant was an independent contractor and his claim for wages was in fact a claim for sales commissions. The trial court concluded that appellant was an employee working for wages but that appellee as a "non-functioning" corporate officer was not included among those liable under the WPCL. This appeal followed. We affirm.

Preliminarily, we note that our standard of review from an order granting summary judgment is well-established.

In determining whether the trial court erred in granting ... a motion for summary judgment, this court must determine whether the "pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." "However, summary judgment may only be entered in those cases which are clear and free from doubt." We must determine whether there exists any genuine issue of triable fact. The moving party has the burden of proving that no genuine issue exists as to the material facts, and the record must be examined in the light most favorable to the non-moving party.

In making this determination, we must accept as true all properly pleaded facts, as well as the reasonable inferences which might be drawn therefrom. Furthermore, we shall not disturb the trial court's decision granting summary judgment unless there has been an error of law, or a manifest abuse of discretion.

*Overly v. Kass*, 382 Pa.Super. 108, 110–11, 554 A.2d 970, 971–72 (1989) (citations omitted).

(b) Actions by an employe, labor organization, or party to whom any type of wages is payable ... may be maintained in any court of competent jurisdiction [against his employer].

The record reveals that appellant commenced working for A.T. McClure Glass Company (a predecessor to McClure) in 1948 as a glass glazier. In 1968, he suffered a disabling injury to his right hand in a work-related accident. Thereafter, appellant became an estimator and salesman for A.T. McClure Glass Company and then McClure, until McClure declared bankruptcy. Appellant was paid a biweekly draw calculated by dividing the number of weeks in the current year by a sum of the net profit from completed jobs that had been paid in full by McClure's clients the prior year. Appellant alleged in his complaint that he had not been compensated for jobs paid in full from the previous year or for jobs partially paid at the time McClure filed for bankruptcy but that were now accrued for bankruptcy purposes. In support of his claim that he was an employee, appellant alleged that McClure had withheld federal, state, and local income taxes from his paychecks, as well as FICA payments. McClure also carried appellant as a member of its hospitalization plan. Appellee's position is that it was understood that appellant was an independent contractor and controlled his own work and that all these indicia of employment actually were done for appellant as an accommodation by appellee.

The trial court determined that appellant was an employee of McClure and was owed back wages, and this determination has not been challenged by appellee during this appeal. The trial court also determined that appellee was not liable under the WPCL as secretary of McClure, since he was a "non-functioning" officer of the corporation, and therefore, he was not included within the class of those intended to be held liable under the WPCL for nonpayment of wages. Appellant contends that this additional requirement is contrary to the intent of the legislature and the plain meaning of the statutory language.

Appellant argues that the parties liable under the WPCL include those within the definition of "employer," as set forth in 43 P.S. § 260.2a.[2] He further argues that the

2. 43 P.S. § 260.2a, (definitions), states:

statute's use of "any" should be construed to mean "all" or "every." *Belefski Estate,* 413 Pa. 365, 196 A.2d 850 (1964). Finally, he contends that the words in the statute are clear and unambiguous and must be construed according to their plain meaning and common usage. 1 Pa.C.S. § 1903(a); *Commonwealth v. Bell,* 512 Pa. 334, 516 A.2d 1172 (1986). Consequently, appellant asserts that the insertion of requirements not set forth in the statutory language contravene the clear intent of the legislature.

In support of this argument, appellant notes that we have imposed civil liability on corporate officers for unpaid wages under the WPCL without inquiry into their actual functions or responsibilities. In support, appellant relies upon *Amalgamated Cotton Garment and Allied Industries Fund v. Dion,* 341 Pa.Super. 12, 491 A.2d 123 (1985), in which a person functioning as a corporate officer and shareholder failed to have his corporation make contributions to a retirement trust fund, and we found him liable under the WPCL but specifically declined to address the question of whether liability was intended to apply only to the highest corporate officers. Subsequently, in *Laborers Combined Funds of Western Pennsylvania v. Mattei,* 359 Pa.Super. 399, 518 A.2d 1296 (1986), we similarly declined to require any showing of "scienter" by corporate officers, as required by case law interpreting the criminal portions the WPCL,[3] before finding them civilly liable. *Compare: Com-*

*"Employer",* includes *every* person, firm, partnership, association, corporation, receiver, or other officer of a court of this Commonwealth and *any agent or officer* of any of the above classes employing any person in this Commonwealth. [Emphasis added.]

3. 43 P.S. § 260.11a, in pertinent part provides:
   (b) In addition to any other penalty or punishment otherwise prescribed by law, any employer who violates any provisions of this act shall be guilty of a summary offense and, upon conviction thereof, shall be punished by a fine of not more than three hundred dollars ($300), or by imprisonment up to 90 days, or by both, for each offense....
   ....
   (c) Where such employer is a corporation, the president, secretary, treasurer or officers *exercising* corresponding *functions* shall each be guilty of such summary offense. (Emphasis added.)

*monwealth v. Giugliano,* 351 Pa.Super. 162, 505 A.2d 317 (1986) (criminal WPCL liability requires a showing that corporate officers exercised at least some functions of their office since we refuse to find criminal intent from merely holding an office title). Consequently, appellant contends that the trial court's requirement that appellee must be a "functioning" officer in order to be civilly liable was error.

Appellee argues that holding any or all officers or agents employing a person liable could be so broad as to include any corporate officer, or agent, regardless of his level or function. Consequently, appellee continues, this interpretation is too broad and unreasonable to be in accord with the legislature's actual intent. *See* 1 Pa.C.S. §§ 1921(c)(4–6), 1922(1), (legislature does not intend absurd results); *Goodman v. Kennedy,* 459 Pa. 313, 329 A.2d 224 (1974). We conclude that this argument has merit, and consequently, we examine pertinent cases to determine how Pennsylvania courts have interpreted the language of this statute.

In *Laborers Combined Funds v. Mattei, supra,* we stated:

> Thus, we see no logic in imposing the brunt of this financial fiasco on those so attenuated from the core of the fault as to be absolved from any wrongdoing, i.e., the union members, and *place the obligation on the shoulders of those who make the decisions as to the manner in which the Corporation is managed.* The Legislature, in its enactment of the Wage Payment and Collection Law, has not indicated otherwise. *See Ward v. Whalen,* 18 Pa. D & C.3d 710, 712 (C.P. Allegheny County 1981), wherein it was written, with regard to personal liability of corporate officers for default under the Act,
>
> > The Legislature had some purpose for including an agent or officer of a corporation employing persons in the Commonwealth within the definition of employer, and the only apparent purpose was to subject these persons to liability in the event that a corporation or similar entity failed to make wage payments. Its reason for doing so is obvious. Decisions dealing with

personnel matters and the expenditure of corporate funds are made by corporate officers and it is far more likely that the limited funds of an insolvent corporation will be used to pay wages and that a work force will be reduced while the corporation is still capable of meeting its obligations to its employees if personal liability is imposed on the persons who make these decisions.

Accord *Carpenters Health and Welfare Fund of Philadelphia and Vicinity v. Ambrose, Inc.,* 727 F.2d 279, 282–83 (3rd Cir.1983); *Amalgamated Cotton Garment v. J.B.C. Co. of Media,* 608 F.Supp. 158, 168 (W.D.Pa.1984); *In re Johnston,* 24 B.R. 685, 687 ( [Bkrtcy.W.D.Pa.] 1982). *Id.,* 359 Pa.Super. at 406, 518 A.2d at 1300 (emphasis added) (footnote omitted).

Instantly, viewing the uncontroverted evidence concerning appellee's authority and responsibility in the company, we conclude that the trial court properly found that appellee was not involved in the policy-making decisions of the corporation. Appellee was the attorney for the corporation and received a small monthly retainer for the legal services performed. He was included in the corporation's hospitalization plan, owned 50 of the 7,000 shares of issued stock, and took minutes at each meeting of the corporation. In addition, he had authorization to sign checks on the corporate checking account. Nevertheless, none of these indicate that he actively participated in decisions or gave advice regarding pay or compensation. Instead, they show that he merely carried out decisions made by others. Therefore, there is no basis for appellee's liability, other than by virtue of holding office as corporate secretary.

We next address appellant's argument that the reasoning in *Mattei* is controlling. The defendant in *Mattei* was treasurer and secretary of his corporation and one of two brothers who owned all of the corporate stock. He clearly was involved in policy-making as a treasurer, secretary and forty percent shareholder. Although liability in *Mattei* was *not* premised on fault, we find that it was premised on

active involvement in decision making. The reasoning in *Mattei* is is not applicable to the instant case since appellee did not undertake to be responsible as a contracting party for the payment of wages in return for labor as a policy-making officer or as an interested owner of the business.

We prefer to adopt the rational of the U.S. District Court in *Central Pennsylvania Teamsters Pension Fund v. Burten*, 634 F.Supp. 128 (E.D.Pa.1986), which held that "[a]bsent some indication that [the defendant] exercised a policy-making function in the company, he is not among the class of persons who may be liable under the WPCL." *Id.* at 131; *see also Bowers v. Neti Technologies, Inc.* 690 F.Supp. 349 (E.D.Pa.1988).

While we agree that "scienter" concerning nonpayment of wages is not required for civil liability, we hold that evidence of an active role in decision making is required. We thus do not agree with appellant that the legislature intended liability merely by virtue of holding corporate office. *See Carpenters Health and Welfare Fund v. Ambrose, Inc.*, 727 F.2d 279 (3rd Cir.1983) (it is questionable whether the Pennsylvania Legislature in the WPCL intended to impose personal liability on corporate officers merely for implementing a policy at the command of superiors). We also agree with the trial court that appellant did not produce evidence that appellee actively was involved in corporate decision-making and therefore should not be held liable personally for unpaid wages.

Order affirmed.

WIEAND, J., dissents.

WIEAND, Judge, dissenting:

I respectfully dissent. When the legislature, by statute, imposed personal liability on corporate officers for the wages of corporate employees, it intended, at the very least, to impose such liability upon the secretary of the corporation.