## Turk v. Communication Design Inc.

*Jeffrey K. Millin* and *Robert S. Bailey,* for plaintiff.

*Alan L. Pepicelli,* for defendant Communication Design Inc.

THOMAS, *S.J.,* February 27, 1991—This matter comes before us on defendants' preliminary objections to plaintiff's complaint wherein plaintiff avers that she is due compensation and/or other benefits from defendants for work done in their behalf.

## FACTS

Plaintiff was a salaried employee of defendant, Communication Design Inc., from August 1974 to January 1, 1989. On or about January 1, 1989, defendant J. Slater Crawford, president of Communication Design Inc., advised plaintiff that she would no longer be considered an employee of the corporation, rather that from then on she would be an independent contractor. (See paragraph 4 of plaintiff's complaint.) Plaintiff continued to do work for defendants until February 28, 1990, and plaintiff avers she was not paid for the work done in that period and defendant failed to make proper withholdings and/or make contributions to the employer's portion of social security.

Plaintiff filed her complaint against the corporation and its principal officer, Mr. Crawford, alleging wages and other compensation due her pursuant to the Wage Payment and Collection Law, 45 Pa.C.S. §260.1 et seq.; or in the alternative, compensation and expenses due her pursuant to an oral contract for services performed as an independent contractor.

Defendants, Communication Design Inc., and J. Slater Crawford, as an individual, filed preliminary objections raising several issues, the following of which the court finds may be meritorious.

(1) That plaintiff's complaint fails to state a cause of action upon which relief can be granted and that

a demurrer must be issued as to the causes of action pursuant to the WPCL against both defendants. Defendants argue that plaintiff may not plead facts in the alternative and by pleading facts in support of an oral contract creating a status as an independent contractor, and then denying such a contract exists as to her continued status as an employee, is contrary to the Rule of Civil Procedure which allows alternate pleading as to causes of action, and not to alternate facts in support of the causes of action.

(2) That a demurrer should be granted in that a plaintiff cannot proceed as an employee under the WPCL in that under Pennsylvania law an employee can be terminated for any or no reason unless there is a wrongful discharge, as defined by the case law, which this plaintiff does not allege. Defendants contend that her employment status as a matter of law was terminated when she was advised in January 1989 that she would not be an employee of the corporation from that moment on but would be considered an independent contractor.

## DISCUSSION

The Wage Payment and Collection Law, 43 Pa.C.S. §260.0 et seq., is designed to protect separated employees in the collection of wages (including fringe benefits and wage supplements) earned prior to separation.

Liability under the act is against the "employer," who is defined as "every person, firm, partnership, association, corporation . . . and any agent or officer of the above-mentioned classes employing any person in this Commonwealth." 43 Pa.C.S. §260.2A.

Under the act, liability could be imposed on the corporation and an officer responsible for the payment of wages. However, the act does not apply to any officer or agent, see *Mahaney v. McClure,* 390 Pa. Super. 338, 568 A.2d 682 (1990), and the act does not apply for the payment of any loss of wages agreed to be paid post-separation. *Weingrad v. Fisher & Porter Co.,* 47 D.&C. 2d 244 (1968).

## Alternative Pleading of Facts

Rule 1029(c), Pa.R.C.P. permits "causes of action" and "defenses" to be pleaded in the alternative. Defendants assert this does not encompass pleading alternative and inconsistent facts in support of those causes of action. However, alternative pleading under the rule, may unavoidably result in inconsistent averments of facts. *Madonna v. Fortenbaugh,* 101 Dauphin Rep. 39 (1979); *Koppel Borough v. Berkebile,* 33 Beaver L.J. 27 (1973). Therefore, defendants' assertion is not well founded.

Where there are inconsistent statements of facts, the plaintiff must make the special verification prescribed in Pa.R.C.P. 1024(6), which requires the affiant to swear that he or she is unable "after reasonable investigation" to ascertain which of the inconsistent averments are true. See 2 Goodrich-Amram 2d, §1020(c):1, at 186, and §1024(b):1, at 218. Accordingly, should the two causes of action pursuant to the WPCL not be stricken under further analysis herein, we will require plaintiff to amend the verification to the complaint to reflect the inconsistent facts pled.

*Plaintiff by Law Could Not Be an Employee After Notification of the Change of Her Employment Status*

The general rule is that an employer may terminate an at-will employee for any or no reason unless there is a wrongful discharge. *Geary v. United States Steel Corporation,* 456 Pa. 171, 319 A.2d 174 (1974). Only when there is evidence of a *specific* term of duration of employment, see *Adams v. Budd Co.,* 538 F.Supp. 711 (E.D. Pa. 1984); or an employee has received some additional compensation, i.e. bargaining position substantially greater than the typical employee, see *Darlington v. General Electric,* 350 Pa. Super. 185, 504 A.2d 306 (1986); or if the employer has clearly and specifically limited his right to terminate an employee, will he be seen as an employee having rights greater than of one who is "at will." See *Novosel v. Nationwide Insurance,* 791 F.2d 894 (3d Cir. 1983).

Plaintiff pled in paragraph 4 of her complaint that she was notified by defendant Crawford that she would no longer be an employee but an independent contractor. Accordingly, we find as a matter of law that Mr. Crawford's notification on or around January 1, 1989, amounted to a lawful termination of the employer-employee relationship. However, in the same instant her employment relationship was terminated an oral contract may have been created making plaintiff an independent contractor. Therefore, we grant defendants' demurrers as to count 1 of the case of *Ann E. Turk v. J. Slater Crawford,* finding that there is no cause of action under the WPCL as this plaintiff was not an employee of the corporation as a matter of law between January 1, 1989, and February 28, 1990. Plaintiff has pled no facts to support that she was nothing more than an at-will employee and has pled no facts to support

she was wrongfully terminated. Plaintiff can only allege that she and defendant corporation had a long employer-employee relationship. This fact alone, however, is insufficient to support a greater status than that of an at-will employee.