J-A20016-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ROBERT MANCINI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CONCORDE GROUP AND HOWARD GORDON AND VALERIE BRADLEY | |
| APPEAL OF: VALERIE BRADLEY | No. 2233 EDA 2013 |

Appeal from the Judgment Entered July 26, 2013
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 10-6489

| | |
|---|---|
| ROBERT MANCINI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CONCORDE GROUP AND HOWARD GORDON AND VALERIE BRADLEY | |
| APPEAL OF: CONCORDE GROUP AND HOWARD GORDON | No. 2234 EDA 2013 |

Appeal from the Judgment Entered July 26, 2013
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 10-6489

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 25, 2014**

Appellants, Concorde Group (Concorde), Howard Gordon (Gordon), and Valerie Bradley (Bradley), appeal from the July 26, 2013 judgment entered against them and in favor of Appellee, Robert Mancini, in the

amount of $83,414.25, constituting $29,948.34 in unpaid wages, $49,820.00 in attorneys' fees, and $3,645.91 in costs.[1] Concorde and Gordon also appeal from a second July 26, 2013 judgment entered against them and in favor of Appellee in the amount of $47,250.00, constituting $42,000.00 in lost wages and $5,250.00 in lost employee benefits. After careful review, we vacate the underlying judgments, reverse the trial court's March 29, 2012 motion for summary judgment and March 22, 2011 sanction order, and remand for proceedings consistent with this memorandum.

We summarize the relevant factual and procedural history of this case as follows. On May 28, 2010, Appellee initiated this action by complaint alleging that Concorde, his former employer, failed to issue him payroll checks on 19 separate occasions from September 2008 to March 2010. During the contested timeframe, Gordon and Bradley were both officers and shareholders of Concorde. Within his complaint, Appellee raised the following four counts against each Appellant: 1) a violation of the Pennsylvania Wage Payment and Collection Law (WPCL),[2] 43 P.S. §§ 260.1-

---

[1] On September 3, 2014, we consolidated these appeals *sua sponte* pursuant to Pennsylvania Rule of Appellate Procedure 513.

[2] "The WPCL provides employees with a means of enforcing payment of wages and compensation withheld by an employer." **Hirsh v. EPL Techs., Inc.**, 910 A.2d 84, 86 n.4 (Pa. Super. 2006), *appeal denied*, 920 A.2d 833 (Pa. 2007).

260.12; 2) wrongful discharge; 3) a violation of the Pennsylvania Whistleblower Law, 43 P.S. §§ 1421-1428; and 4) unjust enrichment.

Attorney Jack W. Coopersmith entered his appearance on behalf of Concorde and Gordon on July 15, 2010. The trial court's docket reflects that Attorney Coopersmith also filed an answer with new matter on this date.[3] Notably, these two documents are the only filings submitted of record by Attorney Coopersmith sans a May 27, 2011 withdrawal of appearance, discussed ***infra***. Attorney Coopersmith died on September 1, 2013, at the age of 47, after a "brief illness[.]" Trial Court Opinion, 1/8/14, at 14; ***see also*** Concorde and Gordon's Brief at 6 n.1.

Following the filing of the initial pleadings, the trial court's docket is abounding with discovery motions and requests for sanctions filed by Appellee. These motions were filed because Attorney Coopersmith ignored Appellee's discovery requests for a period of approximately eight months. An abbreviated version of this tortured history follows.

On October 8, 2010, Appellee filed a motion to compel Concorde and Gordon to respond to his requests for production of documents. On November 17, 2010, the trial court granted Appellee's request and awarded

---

[3] This document is absent from the certified record but was submitted within both of Appellants' reproduced records.

him attorneys' fees "in an amount that has yet to be determined."[4]  Trial Court Order, 11/17/10.  On November 29, 2010, Appellee filed a motion to compel responses to interrogatories addressed to Concorde.  As Concorde did not respond to the motion, the trial court granted it on March 22, 2011. The trial court subsequently ordered Concorde to file interrogatory responses within 20 days.

On November 29, 2010, Appellee also filed a motion for attorneys' fees against Concorde and Gordon based upon their failure to respond to discovery requests.  On December 17, 2010, Appellee filed a motion for sanctions against Concorde and Gordon for failing to abide by the trial court's November 17, 2010 order regarding his requests for production.  On January 24, 2011, Appellee filed a motion to deem the requests for admissions that he served upon Concorde admitted pursuant to Pennsylvania Rule of Civil Procedure 4014(b).[5]

_____

[4] Within this order, the trial court did not delineate a response deadline.

[5] Rule 4014 provides, in pertinent part, as follows.

### Rule 4014.  Request for Admission

…

> (b)    Each  matter  of  which  an  admission  is
> requested shall be separately set forth.  The matter
> is admitted unless, within thirty days after service of
> the request, or within such shorter or longer time as
> the court may allow, the party to whom the request

*(Footnote Continued Next Page)*

On March 22, 2011, the trial court granted Appellee's outstanding motions regarding attorneys' fees, sanctions, and requests for admissions. The trial court ordered that "Concorde [] and [] Gordon[] shall be precluded from introducing evidence of any kind in support of defenses to [Appellee]'s claims[,]" unless they requested reconsideration of the order within 20 days. Trial Court Order, 3/22/11 (hereinafter referred to as the "sanction order").

On April 12, 2011, Attorney W. Russell Carmichael filed an entry of appearance as co-counsel on behalf of Concorde and Gordon. Up until this point, Attorney Carmichael acted solely as Bradley's counsel. In conjunction with his entry of appearance, Attorney Carmichael filed a motion for reconsideration of the trial court's sanction order on behalf of Concorde and Gordon. Also on this date, Attorney Carmichael "ungraciously presented [Appellee] with a computer disc comprising [of] 362 documents" on behalf of Concorde and Gordon. Trial Court Opinion, 1/8/14, at 15. On April 15,

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

> is directed serves upon the party requesting the admission an answer verified by the party or an objection, signed by the party or by the party's attorney; but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the original process upon him or her.
> …

Pa.R.C.P. 4014(b). We note that Bradley, through her attorney, W. Russell Carmichael, Esquire, responded to this discovery motion, requesting that Concorde be given a short period of time to respond to the requests for admissions.

2011, Appellee objected to this motion by asserting that it was filed one day late.[6] On August 8, 2011, the trial court denied Concorde and Gordon's motion for reconsideration.

On May 27, 2011, Attorneys Coopersmith and Carmichael withdrew their appearances on behalf of Concorde and Gordon and Attorney Nicholas Guarente entered his appearance on behalf of these parties.[7] On June 15, 2011, Attorney Guarente responded on behalf of Concorde and Gordon to Appellee's first document request. According to the trial court, Attorney Guarente presented Appellee with a "four inch high document dump[8] that consisted of] approximately 1,500 pages deemed by [Attorney] Guarente to include all [of] the documents discoverable by [Appellee]." Trial Court Opinion, 1/8/14, at 10 (internal quotation marks omitted).

_____

[6] Rule 236 notice of the sanction order was given by the Delaware County Prothonotary on March 22, 2011. Thus, the 20-day timeframe imposed by the court for reconsideration ended on April 11, 2011. However, we note that the Judicial Code, 42 Pa.C.S.A. §§ 101-9913, permits a trial court to "modify or rescind any order within **30 days** after its entry[.]" 42 Pa.C.S.A. § 5505 (emphasis added).

[7] To date, Attorney Carmichael is still representing Bradley.

[8] Concorde and Gordon dispute the trial court's characterization of this discovery response. Concorde and Gordon's Brief at 10. Specifically, they assert, "[t]he 1500 page response was not only indexed, it was systematically tabbed and contained 19 pages of item by item annotated explanations and responsive commentary for what was in those documents. It also contained specific, enumerated responses to the numerous deficiencies which [Appellee] asserted...." *Id.* (internal quotation marks omitted).

Appellee filed a motion for summary judgment against Concorde and Gordon and for partial summary judgment against Bradley on September 16, 2011. Concorde, Gordon, and Bradley filed answers to this motion on October 7 and October 17, 2011, respectively. On March 29, 2012, the trial court granted Appellee's motion for summary judgment solely as to liability. Specifically, the trial court entered judgment in favor of Appellee and against Concorde and Gordon as to all counts of the underlying complaint and in favor of Appellee and against Bradley as to the first count of the complaint, *i.e.*, a violation of the WPCL.

On August 13, 2012, Appellee moved to voluntarily discontinue his action against Bradley as to the remaining counts of the complaint, to wit, wrongful discharge, a whistleblower violation, and unjust enrichment. ***See*** Pa.R.C.P. 229 (providing that "[a] discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of the trial[]"). The trial court granted this request on October 11, 2012.

On December 21, 2012, Concorde and Gordon filed a motion *in limine* to preclude an award of damages to Appellee. Essentially, this motion asserted that Appellee is ineligible to recover damages because he is not entitled to relief on the underlying causes of action. On January 29, 2013, the trial court denied Concorde and Gordon's motion, stating that it

"decline[d] to revisit, modify and/or rescind the [summary judgment o]rder issued March 28, 2012[.]" Trial Court Order, 1/29/13.

The trial court proceeded to schedule a damages hearing for February 13, 2013. Prior to the scheduled damages hearing, Appellee filed a petition for attorneys' fees awardable pursuant to the WPCL.[9] Following the damages hearing, the trial court entered an order that awarded both damages and attorneys' fees to Appellee. As to Appellee's WPCL claim, the trial court entered judgment in favor of Appellee and against Concorde, Gordon, and Bradley in the amount of $29,948.34 (constituting $23,958.67 in unpaid damages and $5,989.67 in liquidated damages). Pursuant to the WPCL, the trial court also awarded Appellee $49,820.00 in attorneys' fees and $3,645.91 in costs. The trial court ordered Concorde, Gordon, and Bradley to pay these fees and costs jointly and severally. As to Appellee's

_____

[9] Section 9a of the WPCL provides, in pertinent part, as follows.

**§ 260.9a.  Civil remedies and penalties**

…

(f) The court in any action brought under this section shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow costs for reasonable attorneys' fees of any nature to be paid by the defendant.

…

43 P.S. § 260.9a(f).

wrongful discharge claim, the trial court entered judgment in favor of Appellee and against Concorde and Gordon in the amount of $47,250.00 (constituting $42,000.00 in lost wages and $5,250.00 in lost employee benefits). At the time of the hearing, Appellee withdrew his whistleblower and unjust enrichment claims against Concorde and Gordon. Trial Court Opinion, 1/8/14, at 5.

Concorde, Gordon, and Bradley filed timely post-trial motions on May 1 and May 2, 2013, respectively. The trial court granted reconsideration of its damages verdict on May 16, 2013. Following reconsideration, the trial court denied Concorde, Gordon, and Bradley's post-trial motions by orders dated July 5, 2013. Following Appellee's praecipe, the Delaware County Prothonotary entered judgment in favor of Appellee and against Concorde, Gordon, and Bradley in the above-stated amounts on July 26, 2013. On July 31, 2013, Concorde, Gordon, and Bradley timely filed their notices of appeal.[10]

_____

[10] Appellants and the trial court have timely complied with Pennsylvania Rule of Appellate Procedure 1925. We note that Appellants raised a number of issues within their Rule 1925 statements that are not presented within their appellate briefs. Specifically, Concorde and Gordon present their second, forth, seventh, and tenth Rule 1925 statement errors within their appellate brief. Likewise, Bradley raises only a partial portion of her third and the entirety of her seventh Rule 1925 statement error within her appellate brief. Those remaining errors raised within Appellants' Rule 1925(b) statements and not addressed within their appellate briefs are waived on appeal. **See Penn-Am. Ins. Co. v. Peccadillos, Inc.**, 27 A.3d 259, 269 (Pa. Super. 2011) (concluding issues that are not discussed within the argument section
*(Footnote Continued Next Page)*

On appeal, Concorde and Gordon raise the following issues for our review.

> [1.] Did the [trial] court err or abuse its discretion in the entry of a sanctions order precluding the defenses of [] Concorde [] and [] Gordon caused by the repeated record neglect of initial Concorde/Gordon counsel when the record deficiencies were corrected by subsequent counsel before reconsideration was denied?
>
> [2.] Did the [trial] court err or abuse its discretion in the granting of summary judgment on all four complaint counts against Concorde [] and [] Gordon?
>
> [3.] Did the trial court err in its opinion that [] Concorde [] and [] Gordon's claims are waived on appeal for failure to seek reconsideration of a denied reconsideration?
>
> [4.] Did the trial court err in its opinion that [] Concorde [] and [] Gordon waived their claims on appeal for failure to immediately appeal the granting of summary judgment against Concorde [] and Gordon and partial summary judgment against [] Bradley?
>
> [5.] Were fee-shifted counsel fees properly awarded under the Wage Payment Collection Law when that law was not applicable to the circumstances of this case?
>
> [6.] Did the trial court err in awarding a future wage loss and benefits for wrongful termination where [Appellee] pleaded that this theory had the whistleblower statute as its statutory predicate and the claim for

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

of an appellant's brief are waived), *appeal denied*, 34 A.3d 832 (Pa. 2011); **accord** Pa.R.A.P. 2119(a).

whistleblower damages had been withdrawn at the damages hearing?

Concorde and Gordon's Brief at 4. Bradley also raises the following issues for our review.

> [1.] Did the [trial] court err in entering summary judgment against [] Bradley, where substantial factual questions existed regarding her participation in the conduct of Concorde [] under the Wage Payment and Collection Law, 43 [P.S.] 260.1 *et seq*?
>
> [2.] Were the amounts allegedly owed to [Appellee] "wages" under the WPCL?

Bradley's Brief at 4.[11]

Prior to reaching the merits of these consolidated appeals, we must determine if they are properly before us.[12] Within its Rule 1925(a) opinion,

_____

[11] The following caveat immediately precedes the two issues raised within Bradley's Brief. "Bradley also reserves argument on her remaining assignment of errors, but adopts all arguments as set forth in the Brief for [] Concorde [] and [] Gordon." Bradley's Brief at 4. It appears Bradley is attempting to incorporate the entirety of her Rule 1925(b) statement, by reference, into her appellate brief. This action is impermissible. **See M.J.M. v. M.L.G.**, 63 A.3d 331, 337 n.7 (Pa. Super. 2013) (concluding issues that are not included within the statement of questions involved of an appellant's brief are waived); **accord** Pa.R.A.P. 2116(a). Moreover, Bradley only addresses the two issues listed within her statement of questions involved within her appellate brief. **See** Bradley's Brief at 9-10. Accordingly, any issue Bradley failed to discuss within the argument section of her appellate brief is likewise waived. **See Penn-Am. Ins. Co.**, **supra**; **accord** Pa.R.A.P. 2119(a).

[12] Within Concorde and Gordon's third and fourth briefed issues, they assert the trial court erred when concluding their claims are "waived" on appeal. Concorde and Gordon's Brief at 4. Upon reviewing the trial court's opinion, *(Footnote Continued Next Page)*

- 11 -

the trial court questions our jurisdiction. Trial Court Opinion, 1/8/14, at 42-45. The trial court also submits that all issues with regard to its sanction order are waived because Appellants failed to request reconsideration of the order. *Id.* at 33-42.

It is well settled that "[an a]ppeal may be taken only from a final order, that is, an order that disposes of all claims and all parties." *Weible v. Allied Signal, Inc.,* 963 A.2d 521, 525 (Pa. Super. 2008), *citing* Pa.R.A.P. 341(a). Since the amendment of Pennsylvania Rule of Appellate Procedure 341 in 1992, we have consistently concluded that pretrial discovery orders are not appealable, final orders. *Buckman v. Verazin*, 54 A.3d 956, 959 (Pa. Super. 2012), *appeal denied,* 77 A.3d 1258 (Pa. 2013). As such, the trial court's sanction order was not final and appealable pursuant to Rule 341.[13]

_____
*(Footnote Continued)* ─────────────

the court asserts both waiver and lack of jurisdiction. Accordingly, as the trial court's assertions partially implicate our jurisdiction, we choose to address those claims first.

[13] Notably, Rule 341 was amended to "eliminate[] appeals as of right … from orders not ending the litigation as to all claims and as to all parties." *See* Pa.R.A.P. 341, Note.

> The following is a partial list of orders that **are no longer appealable as final orders** pursuant to Rule 341 but which, in an appropriate case, might fall under Rules 312 (Interlocutory Appeals by Permission) or 313 (Collateral Orders) of this Chapter.

*(Footnote Continued Next Page)*

- 12 -

By the same token, the trial court's summary judgment order was not final and appealable because it entered only partial summary judgment as to all Appellants. Although the trial court found Concorde and Gordon liable as to all counts of the underlying complaint, it postponed its damages calculation for a later date. The order also rendered Bradley liable as to only one of the four counts within the complaint. Similarly, the trial court forewent its damages calculation as to this claim. Therefore, the summary judgment order was not a final, appealable order because the order did not fully dispose of all of Appellee's claims against each Appellant. *See Weible*, *supra.* In the same vein, Appellee's voluntary dismissal of his remaining claims against Bradley did not render this matter appealable due to the outstanding damages claim. *See id.*

*(Footnote Continued)* ———————

…

    (3)  a pre-trial order refusing to permit a
    defendant to introduce evidence of an
    affirmative defense[.]

…

*Id.* (emphasis added). Accordingly, the trial court's reliance upon *Hull v. Tolentino*, 536 A.2d 797 (Pa. 1988) (opinion announcing judgment), is misplaced as *Hull* was decided prior to the 1992 amendment to Rule 341. *See id.* at 798 (stating that "a pre-trial order precluding the assertion of an affirmative defense which 'prevented factual proof of matters which the trier of fact could have determined in favor of the pleader so as to provide him with a complete factual defense,' is final[ and appealable]").

- 13 -

Instead, this matter ripened for appeal once the Delaware County Prothonotary entered the trial court's judgment of record. *See* Pa.R.A.P. 301; Pa.R.C.P. 227.4; *Prime Medica Assocs. v. Valley Forge Ins. Co.*, 970 A.2d 1149, 1154 n.6 (Pa. Super. 2009), *appeal denied*, 989 A.2d 918 (Pa. 2010) (providing that orders denying post-trial motions are interlocutory and generally not appealable; rather, the subsequent judgment entered is appealable). As all parties appealed to this Court within 30 days of these July 26, 2013 judgments, our jurisdiction is proper. *See* Pa.R.A.P. 903(a) (stating, "[a] notice of appeal … shall be filed within 30 days after the entry of the order from which the appeal is taken[]").

With respect to motions for reconsideration, Section 5505 of the Judicial Code, 42 Pa.C.S.A. §§ 101-9913, outlines the trial court's ability to modify its orders and states as follows.

### § 5505.  Modification of orders.

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S.A. § 5505. The trial court's broad power to modify an order may be exercised *sua sponte* or invoked by the filing of a motion for reconsideration. *Haines v. Jones*, 830 A.2d 579, 584 (Pa. Super. 2003). Accordingly, we have concluded that waiver may not arise from a party's election to forego filing such a reconsideration motion because they are not

procedurally required. *See Harahan v. AC&S, Inc.*, 816 A.2d 296, 301 (Pa. Super. 2003) (concluding no waiver issue can attach when a motion for reconsideration is filed because such a motion is not required to be filed before appealing a grant of summary judgment), *appeal denied*, 828 A.2d 350 (Pa. 2003). Therefore, Concorde and Gordon did not waive their issues regarding the sanction order by choosing not to file for reconsideration of the order.

Upon initial review of Concorde and Gordon's appeal, the parties purport to raise four additional errors for appellate review. Concorde and Gordon's Brief at 4. We elect to address their first, second, and fifth issues together as each pertains to the trial court's sanction order, prohibiting their assertion of defenses, and the repercussions thereof. *Id.* Within this consolidated issue, Concorde and Gordon argue that the trial court erred in imposing this sanction, which effectively entered a default judgment against them, because it was based solely upon Attorney Coopersmith's abandonment of their defense.[14] *Id.* at 27-31.

_____

[14] We note that the trial court characterizes its discovery sanction against Concorde and Gordon as the grant of Appellee's summary judgment motions against the parties. Trial Court Opinion, 1/8/14, at 47. Following our review of the record, it is apparent that the trial court precluded Concorde and Gordon's assertion of defenses as a discovery sanction pursuant to Pennsylvania Rule of Civil Procedure 4019(c)(2) (stating the trial court may enter an order upon motion for a discovery sanction that "refuse[s] to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents,
*(Footnote Continued Next Page)*

> Generally, [trial] courts are afforded great discretion in fashioning remedies or sanctions for violations of discovery rules and orders. … Notwithstanding those general propositions, we highly disfavor dismissal of an action, whether express or **constructive**, as a sanction for discovery violations absent the most extreme circumstances.

*See City of Phila. v. Fraternal Order of Police Lodge No. 5 (Breary)*, 985 A.2d 1259, 1269-1270 (Pa. 2009) (citations, footnote, and internal quotation marks omitted; emphasis added).  Moreover, our Supreme Court has stated that "considerations of due process foster [its] hesitancy to endorse complete preclusion of a party's evidence or litigation in light of a discovery violation." *Id.* at 1270.  Accordingly, we have concluded that where a discovery sanction results in the effective dismissal of a case, our standard of review is stringent.  *Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP*, 28 A.3d 916, 926 (Pa. Super. 2011); *see also Croydon Plastics Co., Inc. v. Lower Bucks Cooling & Heating*, 698 A.2d 625, 629 (Pa. Super. 1997).

Pennsylvania Rule of Civil Procedure 4019 addresses the sanctions that a trial court may impose upon parties who fail to engage in meaningful discovery.  That rule states, in pertinent part, as follows.

### Rule 4019.  Sanctions

(Footnote Continued) ───────────────

things or testimony…").  We do recognize, however, that the imposition of this sanction order effectively mandated the trial court's subsequent grant of summary judgment against Concorde and Gordon.

(a)(1) The court may, on motion, make an appropriate order if

(i)    a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;

…

(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;

(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery.

…

(c)    The court, when acting under subdivision (a) of this rule, may make

…

(2)    an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting such party from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

(3)    an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or entering a judgment … by default against the disobedient party or party advising the disobedience;

…

(5)    such order with regard to the failure to make discovery as is just.

…

Pa.R.C.P. 4019.

Although Rule 4019 facially permits a trial court to enter an order precluding the assertion of defenses as a discovery sanction, a trial court must consider the following four factors when assessing the severity of a discovery sanction.

> (1) [T]he **prejudice**, if any, endured by the non-offending party and the ability of the opposing party to cure any prejudice; (2) the noncomplying party's **willfulness or bad faith** in failing to provide the requested discovery materials; (3) the **importance** of the excluded evidence in light of the failure to provide the discovery; and (4) the **number of discovery violations** by the offending party.

*City of Phila.*, *supra* at 1270-1271 (emphases added). Greater emphasis has consistently been placed on the first two factors, *i.e.*, the prejudice to the non-offending party and the bad faith of the offending party. *Id.* at 1271.

When analyzing the vitality of an imposed discovery sanction, our Supreme Court instructed us to also consider these four *City of Phila.* factors. *Id.* In addition to these factors, we have also deemed that "the **nature** and the **severity** of the discovery violation" should also be considered on appellate review. *Biddle*, *supra* (citations omitted; emphases added). When analyzing a discovery sanction, "[w]e are mindful that each factor represents a necessary consideration[ when formulating a

- 18 -

discovery sanction], not a necessary prerequisite." *Rohm and Haas Co. v. Lin*, 992 A.2d 132, 142 (Pa. Super. 2010), *cert. denied*, *Lin v. Rohm and Haas Co.*, 132 S. Ct. 852 (2011). With these standards in mind, we turn to the case at bar.

Upon review of the certified record, it is apparent that the trial court failed to address the importance of the excluded evidence when formulating its discovery sanction, in direct contravention of *City of Phila.* *See* Trial Court Order, 3/22/11. Accordingly, we initially conclude the trial court erred as a matter of law when it failed to consider all four factors delineated in *City of Phila.*

Additionally, we conclude that the trial court abused its discretion when it entered the sanction order. Upon review of the trial court's opinion, it is evident that the trial court based its order primarily upon the prejudice endured by Appellee. While we agree with the trial court that Appellee encountered prejudice during the underlying discovery proceedings, it is unclear to us whether Concorde and Gordon or Attorney Coopersmith dictated these actions. In fact, the trial court itself appears to believe the belabored, eight-month discovery process occurred as a result of Attorney Coopersmith's conduct. As such, based upon our review of the *City of Phila.* and *Biddle* factors, we cannot condone the trial court's expansive discovery sanction that necessitated the instant judgments against Concorde and Gordon.

When discussing the prejudice bore by Appellee, the trial court provides that "[Appellee] struggle[ed] to make ends meet" while pursuing this lawsuit. *Id.* at 40. Further, the trial court is blatantly upset that "[Concorde and Gordon] justified their delinquency with claims [of counsel abandonment] that ignored [Appellee]'s economic plight and need to search for new employment while the economy was in [a] deep recession as if they were of no moment in causing [Appellee] prejudice whatsoever." *Id.*

> Insisting that [Concorde and Gordon] should not be blamed for the inaction of [Attorney Coopersmith] that severely prejudiced the [Appellee]'s ability to present his case at a time when he was struggling to support his family in the midst of the nation's worst economic recession since the 1930's, is reprehensible, from both a business and legal standpoint. Taking the position that it was of no moment to force [Appellee] to beg for his daily bread while still in [Concorde]'s employ and accusing [Appellee] of "spitting at authority" for undertaking that effort lifted the level of their disrespect of [Appellee] from the sublime to the ridiculous. [Attorney] Coopersmith's still unexplained failure to respond to reasonable discovery requests to which [Concorde and Gordon] never raised an objection, were followed by [Concorde and Gordon]'s insistence that [Appellee]'s attorney's efforts to force discovery so as to move this stalled litigation to conclusion was for the purpose of enriching himself.

*Id.* at 49. Accordingly, the trial court concluded that "[Appellee] ha[s] been seriously prejudiced" by "the wastage of valuable litigation time and the impact upon [Appellee]'s ability to prepare and present his case." *Id.* at 41.

Despite this chastising, the trial court submits that, to date, Concorde and Gordon **complied** with Appellee's discovery requests albeit eight

months late.  Trial Court Opinion, 1/8/14, at 37, 41.  Notwithstanding Concorde and Gordon's April 12 and May 27, 2011 discovery proffers, which rectified Attorney Coopersmith's neglect, the trial court argues its sanction order should be upheld because neither of the parties have explained why it took eight months to produce discovery.  *Id.*

Yet, the trial court's own opinion is replete with assertions the parties made to the court regarding their delayed discovery responses.  *Id.* at 38, 49.  Specifically, Concorde and Gordon asserted that their then-employed counsel abandoned their defense.  *Id.*  As apparent from an arduous reading of its opinion, these "blanket, stochastic statements from new counsel" asserting that "we don't know why [Attorney] Coopersmith behaved as he did… we hope he is doing well… and we have cured [Attorney] Coopersmith's negligence, without more[]" were deemed insufficient by the trial court "to meet a failed burden of [asserting a] timely objection to [requested] discovery."  *Id.* at 38.

Moreover, the trial court denied Concorde and Gordon's procedurally timely motion for reconsideration because it was not satisfied by the parties' abandonment assertion.  Notably, the parties' April 12, 2011 motion for reconsideration and proffer of 362 documents was within the 30-day timeframe outlined by the Judicial Code for modification of orders.  42 Pa.C.S.A. § 5505.

Accordingly, the trial court's claim that Concorde and Gordon's discovery violations were not only "willful" but amounted to "dilatory… [and] downright wanton… stall tactics" is not supported by the certified record. *Id.* at 39, 40. Likewise, the trial court's suggestion that Attorney Coopersmith ignored Appellee's discovery requests at Concorde and Gordon's behest is not substantiated by the record. *Id.* at 15. Therefore, we conclude that the trial court's findings as to the first two *City of Phila.* factors are unsupported.

Furthermore, the trial court failed to discuss the importance of the evidence excluded by the sanction order. Instead, the trial court asserted that our Rules of Civil Procedure permit it to deny Concorde and Gordon's assertion of defenses within a case and it elects to do so in this instance. Trial Court Opinion, 1/8/14, at 38-40. As stated previously, due process concerns arise when a trial court precludes a party's defenses based upon a discovery violation. *City of Phila.*, *supra* at 1270. Accordingly, we must stringently review such an order. *Biddle*, *supra* at 926. As the trial court readily concedes that Attorney Coopersmith's actions resulted in these discovery violations, we question whether the complete preclusion of Concorde and Gordon's defenses were appropriate in this instance.

Lastly, we consider the number of discovery violations and the nature and severity of such violations simultaneously. Instantly, it is uncontested that Concorde and Gordon did not respond to discovery requests for

approximately eight months.  However, once Attorney Coopersmith's neglect was brought to Concorde and Gordon's attention, the parties submitted discovery materials to Appellee on April 12 and May 27, 2011.  Thus, the trial court itself provides that the parties have complied with Appellee's discovery requests to date.  Trial Court Opinion, 1/8/14, at 37, 41.

Upon consideration of the aforementioned *City of Phila.* factors and the additional *Biddle* factor, we believe the trial court not only committed an error of law but also abused its discretion when it precluded Concorde and Gordon from asserting defenses as a discovery sanction.  *See City of Phila.*, *supra*; *Biddle*, *supra*.  Accordingly, the trial court's March 22, 2011 order is reversed.  Moreover, since the trial court improperly invoked this discovery sanction, its March 29, 2012 summary judgment order and July 26, 2013 judgments, regarding Concorde and Gordon, must be reversed and vacated, respectively, because they were based upon an improper sanction order.[15]

Turning to Bradley's appeal, she argues that the trial court abused its discretion and committed an error of law when it granted summary judgment in favor of Appellee and against her pursuant to the WPCL.  *See* Bradley's Brief at 4, 9-10.

_____

[15] Based upon our resolution of Concorde and Gordon's consolidated issue, we need not address their final issue regarding the trial court's damages award.  *See* Concorde and Gordon's Brief at 4.

We begin by noting our well-settled standard of review. "[O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary." ***Petrina v. Allied Glove Corp.***, 46 A.3d 795, 797-798 (Pa. Super. 2012) (citations omitted). "We view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Barnes v. Keller***, 62 A.3d 382, 385 (Pa. Super. 2012), *citing* ***Erie Ins. Exch. v. Larrimore***, 987 A.2d 732, 736 (Pa. Super. 2009) (citation omitted). "Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." ***Id.***

The rule governing summary judgment has been codified at Pennsylvania Rule of Civil Procedure 1035.2, which states as follows.

> **Rule 1035.2. Motion**
>
> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> > (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
> >
> > (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party

who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. "Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment." **Babb v. Centre Cmty. Hosp.**, 47 A.3d 1214, 1223 (Pa. Super. 2012) (citations omitted), *appeal denied*, 65 A.3d 412 (Pa. 2013). Further, "failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law." **Id.**

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

**Id.**, *quoting* **Reeser v. NGK N. Am., Inc.**, 14 A.3d 896, 898 (Pa. Super. 2011).

Instantly, Bradley contests the trial court's application and interpretation of the WPCL. Bradley's Brief at 9-10. Specifically, the trial court found Bradley liable to Appellee under the WPCL solely based upon

Bradley's position as a corporate officer of Concorde, *i.e.*, its chief executive officer (CEO).  Trial Court Opinion, 1/8/14, at 5.

> Pennsylvania enacted the WPCL to provide a vehicle for employees to enforce payment of their wages and compensation held by their employers.  The underlying purpose of the WPCL is to remove some of the obstacles employees face in litigation by providing them with a statutory remedy when an employer breaches its contractual obligation to pay wages.  The WPCL does not create an employee's substantive right to compensation; rather, it only establishes an employee's right to enforce payment of wages and compensation to which an employee is otherwise entitled by the terms of an agreement.

*Hirsh*, *supra* at 88.  The WPCL provides "[a]ny employe … to whom any type of wages is payable may institute actions [] under this act."  43 P.S. § 260.9a(a).

Pertinent to this matter, a WPCL employer "[i]ncludes every person, firm, partnership, association, corporation, receiver or other officer of a court of this Commonwealth and **any agent or officer** of any of the above-mentioned classes employing any person in this Commonwealth."  *Id.* § 260.2a (emphasis added).  Despite the ability to hold an agent or officer personally liable under the WPCL, we have opined, "the legislature [did not] intend[] liability [to attach] merely by virtue of holding a corporate office." *Mohney v. McClure*, 568 A.2d 682, 686 (Pa. Super. 1990), *affirmed*, 604 A.2d 1021 (Pa. 1992).  Rather, to hold an "agent or officer" personally liable for unpaid wages under the WPCL, "evidence of an active role in decision making is required."  *Hirsh*, *supra*, *quoting Int'l Ass'n of Theatrical*

- 26 -

***Stage Employees, Local Union No. 3 v. Mid-Atl. Promotions, Inc.***, 856 A.2d 102, 105 (Pa. Super. 2004), *appeal denied*, 878 A.2d 864 (Pa. 2005); ***accord Mohney***, ***supra***. Specifically, an employee must establish that the "agent or officer" was "actively involved in corporate policy-making, such as corporate decision-making or corporate advisement on matters of pay or compensation." ***Hirsh***, ***supra***, *citing* ***Mid-Atl.***, ***supra*** at 106.

In the case *sub judice*, Bradley does not contest that she is an officer and shareholder of Concorde. Bradley's Answer, 7/16/10, at ¶ 5; Appellee's Complaint, 5/28/10, at ¶ 5. Rather, she asserts the trial court found her liable under the WPCL based solely upon her status as a corporate officer. Bradley's Brief at 9-10. Bradley argues that, in order for her to be held personally liable under the WPCL, Appellee needs to present "evidence of [her] active role in decision making[.]" ***Id.*** at 9, *citing* ***Hirsh***, ***supra*** (citations omitted); ***accord Mohney***, ***supra***. As Bradley contests taking an active role in Concorde's decision-making, she posits this issue was improperly decided at the summary judgment stage. Bradley's Brief at 9-10.

Herein, the trial court granted summary judgment in favor of Appellee and against Bradley on the WPCL count "upon consideration of [Appellee]'s Motion for … Partial Summary Judgment against [] Bradley[] and the responses filed thereto." Trial Court Order, 3/29/12. Accordingly, we must review the pleadings in this matter to determine if they support the trial

court's summary judgment grant. Within Appellee's underlying complaint, he averred, "Bradley made, participated in and/or implemented the decisions to cause Concorde not to pay [Appellee] the aforesaid sums to which he is entitled by law." Appellee's Complaint, 5/28/10, at ¶ 18. Within Bradley's answer, she denied this averment, stating that "[a]t all times relevant, [she] w[as] acting in accordance with the terms and conditions of [an] oral [deferred compensation] agreement…." Bradley's Answer, 7/16/10, at ¶ 18. Bradley also asserted numerous defenses. *Id.* at ¶¶ 36-45.

Thereafter, Appellee filed the contested motion for summary judgment on September 16, 2011. Within this motion, Appellee averred Bradley "participated in and/or implemented the decisions that caused Concorde not to pay [Appellee]." Appellee's Consolidated Motion for Summary Judgment, 9/16/11, at ¶ 82. He alleged, "Bradley [] admitted that she has been the CEO of Concorde since 2004, and that she is consulted on management issues, including office procedures." *Id.* at ¶ 83. In support of these averments, Appellee attached a copy of his own complaint and Bradley's responses to Appellee's request for production. *See id.* at Exhibits A, E. Specifically, Appellee attached Bradley's response to his request for her to produce all of the documents reflecting her input, contribution, or participation in Appellee's termination and the establishment of the contested deferred payment plan. Appellee's Motion to Compel, 10/29/10, Exhibit A. Bradley's response stated, "[Bradley] has attached all documents

in her personal possession and/or control that are responsive to [Appellee]'s request…. [Bradley] does not have custody/control over documents possessed by Concorde…." *Id.* at Exhibit B; Appellee's Consolidated Motion for Summary Judgment, 9/16/11, Exhibit E. Bradley likewise responded to Appellee's motion for partial summary judgment by asserting that issues of fact exist as to her active role in Concorde's decision-making process. Bradley's Response, 10/17/11, at ¶¶ 32-35, *citing* **Hirsch**, **supra**. Moreover, Bradley asserted, "[she] played no role" in the hiring, termination, or replacement of Appellee. Bradley's Response, 10/17/11, at ¶ 48.[16]

When reviewing this record in the light most favorable to Bradley, we conclude a genuine issue of material fact exists, to wit, Bradley's role in the decision-making of Concorde. *See Barnes*, *supra*. As WPCL liability cannot be imposed upon Bradley based solely upon her status as an officer and shareholder of Concorde, we conclude the trial court erred in finding Bradley liable under the WPCL during the summary judgment phase of the underlying proceedings. *See Hirsh*, *supra*; *Mid-Atl.*, *supra*; *Mohney*, *supra*. Accordingly, we reverse the trial court's March 29, 2012 summary judgment order and vacate the resulting July 26, 2013 judgment.[17]

---

[16] We note Bradley's response alleges to cite to the initial two paragraphs of her first set of interrogatory responses. *Id.*

[17] Based upon our resolution of Bradley's first issue, we need not address her claim that the parties' deferred compensation agreement does not create "wages" recoverable under the WPCL. *See* Bradley's Brief at 10.

Based upon the foregoing, we conclude that Bradley, Concorde, and Gordon's issues are partially meritorious. Therefore, we reverse both the trial court's March 29, 2012 summary judgment order, and, its March 22, 2011 sanction order, vacate the trial court's July 26, 2013 judgments entered against Bradley, Concorde, and Gordon, and remand to the trial court so that it may conduct an evidentiary hearing on Appellee's underlying claims.

Judgment vacated. Orders reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/25/2014